# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Kevin Moitoso, Tim Lewis, Mary Lee Torline, and Sheryl Arndt, individually and as representatives of a class of similarly situated persons, and on behalf of the Fidelity Retirement Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>FMR LLC, the FMR LLC Funded Benefits Investment Committee, the FMR LLC Retirement Committee, Fidelity Management & Research Company, FMR Co., Inc., and Fidelity Investments Institutional Operations Company, Inc.,<br><br>Defendants. | Case No.  1:18-CV-12122-WGY |

## DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT

Defendants FMR LLC, the FMR LLC Funded Benefits Investment Committee (the "FBIC"), the FMR LLC Retirement Committee (the "Retirement Committee"), Fidelity Management & Research Company ("FMR"), FMR Co., Inc. ("FMRC"), and Fidelity Investments Institutional Operations Company, Inc. ("FIIOC", and collectively with FMR LLC, the FBIC, the Retirement Committee, FMR, and FMRC,  the "Defendants") hereby answer Plaintiffs' Fourth Amended Complaint.

## PRELIMINARY STATEMENT

The Fourth Amended Complaint improperly mixes factual averments with argumentative rhetoric.  Many of the allegations in the Fourth Amended Complaint are overbroad, vague, or conclusory so as to make admissions or denials of such averments difficult or impossible.

Further, the Fourth Amended Complaint includes a number of allegations that appear intended solely to provide background information about defined contribution plans generally, without asserting specific allegations about the generous retirement plan at issue in this case. By way of a general response, Defendants deny all allegations unless specifically admitted herein, and any factual averment admitted is admitted only as to properly pleaded facts and not as to any conclusion, characterization, implication, speculation, or general background information contained therein.

The Fourth Amended Complaint also purports to paraphrase or quote from a number of sources, some identified, some not. Defendants do not admit the authenticity of any such sources, and reserve the right to challenge the truth, accuracy, relevance and admissibility of the sources, quotation and paraphrasing.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## <u>NATURE OF THE ACTION</u>

1.     The allegations of Paragraph 1 purport to describe Plaintiffs' cause of action, and therefore require no response.

2.     The allegations of Paragraph 2 purport to describe Plaintiffs' cause of action, and therefore require no response. To the extent that a response is required, Defendants specifically deny the allegation that Defendants engaged in any wrongful conduct with respect to the Fidelity Retirement Savings Plan ("Plan"), deny that Plaintiffs have any viable claim against Defendants, and deny any remaining allegations of Paragraph 2 and Footnote 1.

3.     Defendants deny the allegations of the first, second, and third sentences of Paragraph 3. The allegations of the fourth sentence of Paragraph 3 purport to describe Plaintiffs' cause of action, and therefore require no response. To the extent that a response is required,

Defendants specifically deny the allegation that Defendants engaged in any wrongful conduct with respect to the Plan, deny that Plaintiffs have any viable claim against Defendants, and deny any remaining allegations of Paragraph 3.

## PRELIMINARY STATEMENT

4.      The allegations of Paragraph 4 purport to characterize written documents that speak for themselves and provide general background information about defined contribution and defined benefit plans without addressing the Plan at issue in this case, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 4.

5.      The allegations of Paragraph 5 purport to characterize and selectively quote from cases that speak for themselves, assert legal conclusions, and provide general background information about the management of defined contribution plans without addressing the management of the Plan at issue in this case, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 5.

6.      The allegations of Paragraph 6 purport to characterize a written document that speaks for itself and provide general background information about the effect of imprudence without addressing the conduct at issue in this case, and therefore require no response.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore deny them.

7.      The allegations of Paragraph 7 purport to assert legal conclusions and provide general background about the management of defined contribution plans, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 7.

8.     The allegations of Paragraph 8 purport to selectively quote from a statute and cases that speak for themselves and to assert legal conclusions, and therefore require no response.   To the extent that a response is required, Defendants deny that the allegations of Paragraph 8 fully or fairly set forth the law concerning duties under ERISA.

9.     Defendants deny the allegations of the first sentence of Paragraph 9.   Defendants admit that as of the end of 2017, the Plan had more than $17 billion in assets.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation concerning whether Fidelity was "one of the 20 largest private sector defined contribution plans in the United States" and therefore specifically deny the allegation.   Defendants deny the remaining allegations of Paragraph 9.

10.     Defendants deny the allegations of Paragraph 10.

11.     Defendants deny the allegations of Paragraph 11.

12.     Defendants deny the allegations of Paragraph 12.

13.     Defendants deny the allegations of the first sentence of Paragraph 13.   Defendants admit that as of the end of 2017, the Plan had approximately 57,000 participants with account balances, consisting of approximately 38,000 current Fidelity employees and 19,000 former employees.   Defendants admit that during the class period, FMR made annual profit-sharing contributions to the Plan, including a non-discretionary profit sharing contribution that approximated the revenue the Company received in connection with the investments made by participants in the Plan.   Defendants deny the remaining allegations of Paragraph 13 and Footnotes 2 and 3.

14.     Defendants deny the allegations of the first and second sentences of Paragraph 14. The allegations of the third and fourth sentences of Paragraph 14 purport to characterize

4

Plaintiffs' cause of action, and therefore require no response.  To the extent that a response is required, Defendants deny any allegation that Defendants breached any duty, violated ERISA, or engaged in any wrongful conduct and deny that Plaintiffs have any viable claim against them.

## JURISDICTION AND VENUE

15.    The allegations of Paragraph 15 purport to characterize Plaintiffs' cause of action, and therefore require no response.  To the extent that a response is required, Defendants admit that Plaintiffs purport to assert the claims described in Paragraph 15, but deny any allegation that Defendants breached any duty or engaged in any wrongful conduct and deny that Plaintiffs have any viable claim against them.

16.    The allegations of Paragraph 16 purport to assert a legal conclusion and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 16.

17.    The allegations of Paragraph 17 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegation that Defendants breached any duty and deny that Plaintiffs have any viable claim against them.

## THE PARTIES

### PLAINTIFFS

18.    Defendants admit that Plaintiff Moitoso was a participant in the Plan until 2016, that his employment with Fidelity ended in May 2014, that his account was recordkept by a Fidelity affiliate, and that he invested in Fidelity-managed funds as a participant in the Plan. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding where Mr. Moitoso resides, and therefore leave Plaintiffs to their proof as to the allegation.  Defendants deny the allegations of the last sentence of Paragraph 18.

19.     Defendants admit that Plaintiff Lewis was a participant in the Plan until 2017, that his employment with Fidelity ended in 2016, that his account was recordkept by a Fidelity affiliate, and that he invested in Fidelity-managed funds as a participant in the Plan.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding where Mr. Lewis resides, and therefore leave Plaintiffs to their proof as to the allegation.  Defendants deny the allegations of the last sentence of Paragraph 19.

20.     Defendants admit that Plaintiff Torline was a participant in the Plan until January 2018, that her employment with Fidelity ended in mid-2017, that her account was recordkept by a Fidelity affiliate, and that she invested in Fidelity-managed funds as a participant in the Plan.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding where Ms. Torline resides, and therefore leave Plaintiffs to their proof as to the allegation.  Defendants deny the allegations of the last sentence of Paragraph 20.

21.     Defendants admit that Plaintiff Arndt has been a participant in the Plan from 2014 to the present, that her employment with Fidelity ended in 2015, that her account has been recordkept by a Fidelity affiliate, and that she has invested in Fidelity-managed funds as a participant in the Plan.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding where Ms. Arndt resides, and therefore leave Plaintiffs to their proof as to the allegation.  Defendants deny the allegations of the last sentence of Paragraph 21.

## DEFENDANTS

22.     As to the allegations of the first sentence of Paragraph 22, Defendants admit only that FMR LLC is a firm headquartered in Boston, Massachusetts.  The allegations of the second, third, fourth, and fifth sentences of Paragraph 22 purport to assert legal conclusions, and

6

therefore require no response.  To the extent that a response is required, except as expressly admitted, Defendants deny the allegations of Paragraph 22.

23.     The allegations of the first, third, and fourth sentences of Paragraph 23 purport to assert legal conclusions and/or selectively quote from or paraphrase cases that speak for themselves, and therefore require no response.  To the extent a response is required, Defendants deny the allegations.  Defendants deny the allegations of the second sentence of Paragraph 23.

24.     The allegations of Paragraph 24 purport to assert legal conclusions and/or selectively quote from a case that speaks for itself, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 24.

25.     The allegations of the first, fourth and fifth sentences of Paragraph 25 purport to assert legal conclusions, and therefore require no response.  The allegations of the second and third sentences of Paragraph 25, including Footnote 4, purport to characterize and/or selectively quote from written documents that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 25.

26.     The allegations of the first sentence of Paragraph 26 purport to characterize a written document that speaks for itself, and therefore require no response.  Defendants deny the allegations of the third sentence of Paragraph 26.  The allegations of the second, fourth, and fifth sentences of Paragraph 26 purport to assert legal conclusions, and therefore require no response. To the extent that a response is required, Defendants deny the allegations of Paragraph 26.

27.     The first, third, fourth, and fifth sentences of Paragraph 27 purport to characterize a written document that speaks for itself, and therefore require no response.  The second and sixth sentences of Paragraph 27 purport to assert legal conclusions, and therefore require no response.  To the extend a response is required, Defendants deny the allegations of Paragraph 27.

28.     The allegations of Paragraph 28 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 28.

29.     Defendants admit that FMR is a wholly owned subsidiary of FMR LLC and a participating employer in the Plan, and that FMR served as an investment advisor to mutual funds in which Plan participants have invested.  Defendants deny the remaining allegations of Paragraph 29.

30.     The allegations of the first, second, and seventh sentences of Paragraph 30 purport to assert legal conclusions, and therefore require no response.  The allegations of the third, fourth, and fifth sentences of Paragraph 30 purport to characterize a written document that speaks for itself, and therefore require no response.  Defendants deny the allegations of the sixth sentence of Paragraph 30.  To the extent that a further response is required, Defendants deny the allegations of Paragraph 30.

31.     Defendants admit that FMRC is a wholly-owned subsidiary of FMR LLC and a participating employer in the Plan; that FMRC serves as the investment subadvisor to some of the Fidelity mutual funds in which Plan participants are invested; and that FMRC receives fees that are calculated as a percentage of the assets it subadvises, including assets invested by the Plan.  Defendants deny the remaining allegations of Paragraph 31.

32.     The allegations of the first and second sentences of Paragraph 32 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations in the first and second sentences of Paragraph 32.  With respect to the third, fourth, and fifth sentences of Paragraph 32, Defendants admit that, currently, Abigail Johnson is the Chief Executive Officer and Chairman of the Board for FMR LLC and the

Chairman of the Board for FMRC; John Remondi and Peter Lynch serve as Directors to both FMRC and FMR; Peter Lynch acts as the Vice Chairman for both FMRC and FMR; John Remondi serves as an Executive Vice President of FMR LLC; and James Curvey is a Director of FMR LLC and a Trustee of Fidelity funds, but otherwise deny the allegations the second, third and fourth sentences of Paragraph 32. Defendants deny the allegations of the sixth and seventh sentences of Paragraph 32.

33.    Defendants admit that FIIOC is a wholly-owned subsidiary of FMR LLC. Defendants admit that FIIOC acted as a transfer agent for funds in the Plan, and that it is paid monthly fees that may be based in part on the percentage of assets held in each fund. As to all other allegations of Paragraph 33, Defendants deny the allegations of Paragraph 33.

34.    Defendants admit that FIIOC provided services to the Plan that it also provides to third-party retirement plans. The allegations of the third sentence of Paragraph 34 purport to assert legal conclusions, and therefore require no response. As to all other allegations of Paragraph 34, Defendants deny the allegations of Paragraph 34.

## PRIOR LAWSUIT

35.    The allegations of Paragraph 35 purport to characterize a written document, the Complaint in the cited action, which speaks for itself, and therefore the allegations require no response. To the extent that a response is required, Defendants deny the allegations of Paragraph 35.

36.    The allegations of Paragraph 36 purport to characterize litigation events and dates recorded in the docket for *Bilewicz v. FMR LLC, et al.,* No. 1:13-cv-10636, (D. Mass.). Defendants refer to that docket for the accurate record of the identified litigation events and dates, and to the extent that any further response is required, deny the remaining allegations of Paragraph 36.

37.     The allegations of the first three sentences of Paragraph 37 purport to characterize the content of a written document that speaks for itself, and therefore require no response.  The allegations of the fourth sentence refer to a litigation event recorded in the docket for *Bilewicz v. FMR LLC, et al.,* No. 1:13-cv-10636 (D. Mass.), and Defendants refer to that docket for the accurate record.   To the extent that a further response is required, Defendants deny the allegations of Paragraph 37.

## ERISA FIDUCIARY DUTIES

38.     The allegations of Paragraph 38 purport to characterize the law and selectively quote from a statute that speaks for itself, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 38.

39.     The allegations of Paragraph 39 purport to characterize the law and selectively quote from a case that speaks for itself, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 39.

40.     The allegations of Paragraph 40 purport to characterize the law and selectively quote from cases that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 40.

41.     The allegations of Paragraph 41 purport to characterize the law and selectively quote from a case and regulatory guidance that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 41.

42.     The allegations of Paragraph 42 purport to characterize the law and selectively quote from cases that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 42.

43.    The allegations of Paragraph 43 purport to characterize the law and selectively quote from cases that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 43.

44.    The allegations of Paragraph 44 purport to characterize the law and selectively quote from cases that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 44.

45.    The allegations of Paragraph 45 purport to characterize the law and selectively quote from cases that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 45.

## OVERVIEW OF THE PLAN

46.    Defendants admit that the Plan was established with an effective date of December 30, 1952 and is maintained pursuant to a written instrument, and that on July 1, 2015, the Plan was amended to change its name from "FMR LLC Profit Sharing Plan" to "Fidelity Retirement Savings Plan."  The remaining allegations of Paragraph 46 purport to assert legal conclusions and characterize a written document which speaks for itself, and therefore require no response.  Except as expressly admitted, Defendants deny the allegations of Paragraph 46.

47.    The allegations of Paragraph 47 purport to characterize and selectively quote from a statute and regulation that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 47.

48.    The allegations of Paragraph 48 including Footnotes 5 and 6 purport to characterize and selectively quote from regulations, a case, and written sources that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 48.

49.     The allegations of Paragraph 49 purport to characterize written sources that speak for themselves and provide general background information about investment alternatives in defined contribution plans generally without addressing the Plan at issue in this case, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 49.

50.     The allegations of the first, second, third, fourth, sixth, and seventh sentences of Paragraph 50 purport to provide general background information about investment alternatives generally without addressing the Plan at issue in this case, and therefore require no response. Defendants deny the allegations in the fifth sentence of Paragraph 50.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth sentence of the Paragraph, and on that basis deny them.

51.     The allegations of Paragraph 51 purport to characterize publicly available sources that speak for themselves, and therefore require no response.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Fidelity was "one of the 20 largest private sector defined contribution plans in the United States" and therefore deny the allegation.  To the extent that a further response is required, Defendants deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52 and the allegations of Footnote 7.

53.     Defendants deny the allegations of Paragraph 53.

54.     The allegations of Paragraph 54 purport to characterize written sources, regulations, and a case that speak for themselves, and therefore require no response.  Defendants

specifically deny that "SDBAs have significant drawbacks." Defendants deny the remaining allegations of Paragraph 54.

### DEFENDANTS' [ALLEGED] VIOLATIONS OF ERISA

55.     Defendants deny the allegations of Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56.

57.     Defendants deny the allegations of Paragraph 57.

58.     Defendants deny the allegations of Paragraph 58. The allegations of Footnotes 9 and 10 purport to characterize and selectively quote written sources and legal authority, and therefore require no response. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 10 concerning what comparison Plaintiffs performed, and on that basis deny the allegations of Footnotes 9 and 10.

59.     Defendants deny the allegations of Paragraph 59.

60.     The allegations of Paragraph 60 and Footnote 11 purport to characterize and/or quote from written sources and authority that speak for themselves and provide general background information without addressing the Plan at issue in this case, and therefore require no response. To the extent that a response is required, Defendants admit the allegation in Footnote 11 that the term "bps" is an abbreviation of the phrase "basis points," and one basis point is equal to .01%, or 1/100th of a percent, but deny the remaining allegations of Paragraph 60.

61.     The allegations of Paragraph 61 purport to characterize and/or quote from written sources and authority that speak for themselves and provide general background information without addressing the Plans at issue in this case, and therefore require no response. To the extent that a response is required, Defendants deny the allegations of Paragraph 61. The allegations of Footnote 12 purport to assert legal conclusions and selectively quote from written

sources that speak for themselves, and therefore require no response.   To the extent that a response is required, Defendants deny the allegations of Footnote 12.

62.     The allegations of Paragraph 62 purport to assert legal conclusions and selectively quote from written sources that speak for themselves, and therefore require no response.   To the extent that a response is required, Defendants deny the allegations of Paragraph 62.

63.     Defendants admit that the Plan has more than $14 billion in assets.   Defendants deny the remaining allegations of Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64.

65.     The allegations of the second sentence of Paragraph 65, including the alleged information in chart form, purport to characterize information from publicly available sources that speak for themselves, and therefore require no response.   To the extent that a response is required, Defendants specifically deny the allegations that the Plan's costs were excessive and that the chart contained in Paragraph 65 reflects complete information.   Defendants deny all remaining allegations of Paragraph 65.

66.     Defendants deny the allegations of the first sentence of Paragraph 66.   The remaining allegations of Paragraph 66 purport to assert legal conclusions and/or selectively quote from written sources that speak for themselves, and therefore require no response.   To the extent that a response is required, Defendants deny the allegations of Paragraph 66.

67.     The allegations of the second and third sentences of Paragraph 67, including the information set forth in chart form, purport to characterize information from publicly available sources that speak for themselves, and therefore require no response.   To the extent that a response to such allegations is required, Defendants specifically deny the allegations that the

Plan's costs were excessive and that the chart contained in Paragraph 67 reflects complete information. Defendants deny all remaining allegations of Paragraph 67.

68.     Defendants deny the allegations of the first sentence of Paragraph 68.   The allegations of the second sentence of Paragraph 68 purport to characterize information from a written source that speaks for itself, and therefore require no response.   To the extent that a response is required, Defendants deny the allegations of Paragraph 68.

69.     The allegations of the first and second sentences of Paragraph 69 purport to characterize and selectively quote from written sources that speak for themselves, and therefore require no response.   To the extent that a response is required, Defendants deny the allegations of the first and second sentences of Paragraph 69.   The allegations of the third and fourth sentences purport to assert legal conclusions and provide general background information about separate accounts without addressing the Plan at issue in this case, and therefore require no response.   To the extent a response is required, Defendants deny the allegations of the third and fourth sentences of Paragraph 69.

70.     The allegations of Paragraph 70 purport to provide background information about separate accounts and collective trusts without addressing the Plan at issue in this case, and therefore require no response.   To the extent a response is required, Defendants deny the allegations of Paragraph 70.

71.     To the extent that the allegations of Paragraph 71, including the alleged information in chart form, purport to characterize information from publicly available sources, such sources speak for themselves, and therefore require no response.   To the extent that a response to such allegations is required, Defendants deny the allegations.   Defendants specifically deny the allegations that the Plan's costs were excessive and that the chart contained

in Paragraph 71 reflects complete information and/or appropriate comparisons to the funds in the Plan.  Defendants deny the remaining allegations of Paragraph 71 and Footnotes 13 and 14.

72.     To the extent that the allegations of Paragraph 72 purport to characterize information from publicly available sources, such sources speak for themselves, and therefore require no response.  To the extent that a response to such allegations is required, Defendants deny the allegations.  Defendants deny the remaining allegations of Paragraph 72.

73.     The allegations of the last sentence of Paragraph 73 purport to characterize written documents that speak for themselves and therefore require no response.  To the extent a response is required, Defendants deny the allegations of the last sentence of Paragraph 73. Defendants deny the remaining allegations of Paragraph 73.

74.     The allegations of the last sentence of Paragraph 74 purport to characterize written documents that speak for themselves and therefore require no response.  To the extent a response is required, Defendants deny the allegations of the last sentence of Paragraph 74. Defendants deny the remaining allegations of Paragraph 74.

75.     The allegations of the second sentence of Paragraph 75 purport to characterize written documents that speak for themselves and therefore require no response.  Defendants deny the remaining allegations of Paragraph 75.

76.     The allegations of Paragraph 76 purport to assert legal conclusions and selectively quote from written sources that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 76.

77.     The allegations of Paragraph 77 purport to assert legal conclusions and selectively quote from written sources that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 77.

78.     The allegations of Paragraph 78 purport to assert legal conclusions and selectively quote from written sources that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 78.

79.     To the extent that the allegations of Paragraph 79 purport to characterize information from publicly available sources, such sources speak for themselves, and therefore require no response.  To the extent that a response to such allegations is required, Defendants admit that Fidelity offers sector funds and that sector funds are available to Plan participants, but otherwise deny the allegations.  Defendants deny the remaining allegations of Paragraph 79.

80.     Defendants deny the allegations of the first, second, and third sentences of Paragraph 80.  The allegations of the fourth sentence of Paragraph 80 purport to assert a legal conclusion and therefore require no response.  To the extent a response is required, Defendants deny the allegations of the fourth sentence of Paragraph 80.

81.     Defendants deny the allegations of the first sentence of Paragraph 81.  The remaining allegations of Paragraph 81 purport to characterize and selectively quote from written sources that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny these allegations of Paragraph 81.

82.     Defendants deny the allegations of the first two sentences of Paragraph 82.  The allegations of the third sentence of Paragraph 82 purport to characterize and selectively quote from a written source that speaks for itself, and therefore require no response.  To the extent that a response is required, Defendants deny these allegations of Paragraph 82.

83.     To the extent that the allegations of Paragraph 83, including the alleged information in chart form, purport to characterize information from publicly available sources, such sources speak for themselves, and therefore require no response.  To the extent that a

response to such allegations is required, Defendants deny the allegations that the funds offered in the Plan were inappropriate and that the chart contained in Paragraph 83 reflects complete and/or accurate information.  Defendants deny the remaining allegations of Paragraph 83.

84.     Defendants deny the allegations of Paragraph 84.

85.     To the extent that the allegations of Paragraph 85 purport to characterize information from publicly available sources, such sources speak for themselves, and therefore require no response.  To the extent that a response to such allegations is required, Defendants admit that Fidelity is one of the largest investment managers, but otherwise denies the remaining allegations of Paragraph 85.

86.     Defendants deny the allegations in the first and second sentences of Paragraph 86, including the alleged information in chart form.  The allegations of the third and fourth sentences of Paragraph 86 purport to characterize information from a publicly available source that speaks for itself, and therefore require no response.  To the extent that a response is required, Defendants specifically deny the allegations that the Plan's returns were not competitive and that the chart contained in Paragraph 86 reflects complete and/or accurate information and/or appropriate comparisons to the funds in the Plan, and deny the remaining allegations of Paragraph 86.

87.     Defendants deny the allegations of the first sentence of Paragraph 87.  Defendants lack information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 87, and therefore deny the allegations.  The allegations of the third, fourth, and fifth sentences of Paragraph 87 purport to characterize information from publicly available sources that speak for themselves, and therefore require no response.  To the extent a response is required, Defendants specifically deny the allegations that the Plans' costs were excessive, that

the data contained in Paragraph 87 is complete and/or accurate information and/or appropriate comparisons to the funds in the Plan.  Defendants deny the allegations of the final sentence of Paragraph 87.

88.     Defendants deny the allegations of Paragraph 88.

89.     Defendants deny the allegations of Paragraph 89.

90.     The allegations of the first two sentences of Paragraph 90 purport to characterize the law and selectively quote from written sources that speak for themselves, and therefore require no response.  The allegations of the third sentence of Paragraph 90 purport to assert a legal conclusion, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 90.

91.     Defendants deny the allegations of the first sentence of Paragraph 91.   The allegations of the second and third sentences of Paragraph 91 purport to characterize written sources that speak for themselves, and therefore require no response.   To the extent that a response to such allegations is required, Defendants deny the allegations of the second and third sentences of Paragraph 91.

92.     The allegations of Paragraph 92 purport to assert legal conclusions and selectively quote from written sources that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 92.

93.     The allegations of Paragraph 93, including the alleged information in chart form, purport to characterize information from publicly available sources that speak for themselves, and therefore require no response.  To the extent a response is required, Defendants deny the allegations that the funds offered in the Plan were inappropriate and that the chart contained in Paragraph 93 reflects complete and/or accurate information, and deny the remaining allegations of Paragraph 93.

94.     Defendants deny the allegations of Paragraph 94.

95.     The allegations of Paragraph 95 purport to assert legal conclusions and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 95.

96.      The allegations of Paragraph 96 purport to characterize and selectively quote from written sources that speak for themselves and provide general background information about stable value funds without addressing the Plan at issue in this case, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 96.

97.     The allegations of Paragraph 97 purport to characterize and selectively quote from written sources that speak for themselves and provide general background about stable value funds without addressing the Plan at issue in this case, and therefore require no response.

98.     The allegations of Paragraph 98 purport to assert legal conclusions and therefore require no response.  To the extent that a response is required, Defendants admit that Fidelity offers a stable value fund in the marketplace known as the Managed Income Portfolio, but otherwise deny the allegations of Paragraph 98.

99.     To the extent that the allegations of Paragraph 99, including the alleged information in chart form, and Footnote 15 purport to characterize information from publicly available sources, the sources speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations that the capital preservation options offered in the Plan were inappropriate and that the chart contained in Paragraph 99 reflects complete and/or accurate information and/or appropriate comparisons to the funds in the Plan, and deny the remaining allegations of Paragraph 99 and Footnote 15.

100.    The allegations of Paragraph 100 purport to assert legal conclusions and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 100.

101.    Defendants deny the allegations of Paragraph 101.

102.    The allegations of the fourth sentence of Paragraph 102 purports to characterize a written document that speaks for itself, and therefore require no response.  Defendants deny the remaining allegations of Paragraph 102.

103.    The allegations of the second sentence of Paragraph 103 purport to characterize the law, and therefore require no response.  The allegations of the fourth sentence of Paragraph 103 purport to characterize publicly available sources that speak for themselves, and therefore require no response.  Defendants deny the remaining allegations of Paragraph 103.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 104 concerning what "many employers" do.  Defendants admit that Fidelity makes profit sharing contributions to the Plan, which include matching contributions and both discretionary and non-discretionary profit sharing contributions.

105.    The allegations of Paragraph 105 purport to characterize information from a publicly available document that speaks for itself, and therefore require no response.  To the extent that a response is required, Defendants admit that Fidelity has made a 10% profit sharing contribution to the Plan for several years prior, but deny that Plaintiffs have properly characterized the publicly available information, and therefore deny the remaining allegations of Paragraph 105.

106.    The allegations of Paragraph 106 purport to characterize information from a publicly available document that speaks for itself, and therefore require no response.  To the

extent that a response is required, Defendants deny that Plaintiffs have properly characterized the publicly available information, and therefore deny the allegations of Paragraph 106.

107.    The allegations of Footnote 16 purport to characterize a written document that speaks for itself and therefore require no response.  Defendants deny the remaining allegations of Paragraph 107.

108.    Defendants admit that Fidelity has made profit sharing contributions to the Plan that, in the aggregate, have totaled 10% of eligible participants' eligible compensation every year since at least 2008.  Defendants deny the remaining allegations of Paragraph 108.

109.    Defendants deny the allegations of Paragraph 109.

110.    Defendants deny the allegations of Paragraph 110.

111.    The allegations of Paragraph 111 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 111.

112.    Defendants deny the allegations of Paragraph 112.

113.    The allegations of Paragraph 113 purport to assert legal conclusions and selectively quote from two cases that speak for themselves, and therefore require no response. To the extent that a response is required, Defendants deny the allegations of Paragraph 113.

114.    The allegations of Paragraph 114 purport to assert legal conclusions and selectively quote from written sources that speak for themselves, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 114.

115.    The allegations of Paragraph 115 purport to assert legal conclusions and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 115.

116.    The allegations of Paragraph 116 purport to assert legal conclusions and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 116.

117.    To the extent that the allegations of Paragraph 117 purport to assert legal conclusions, they require no response.  Defendants deny that they breached any duty or engaged in any wrongful conduct, and deny the remainder of the allegations of Paragraph 117.

## CLASS ACTION ALLEGATIONS

118.    The allegations of Paragraph 118 purport to assert legal conclusions and characterize Plaintiffs' cause of action, and therefore require no response.  To the extent that a response is required, Defendants deny that Plaintiffs have a valid claim against them.  With respect to whether certification of a class is appropriate in this case, Defendants refer to the Court's Order at Dkt. No. 83.

119.    The allegations of Paragraph 119 purport to characterize the class that has been certified in this case, and therefore require no response.  To the extent that a response is required, Defendants deny that Plaintiffs have stated a valid claim against them.  With respect to whether certification of a class is appropriate in this case, Defendants refer to the Court's Order at Dkt. No. 83.

120.    The allegations of Paragraph 120 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants refer to the Court's Order at Dkt. No. 83.

121.     The allegations of Paragraph 121 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 141 and specifically deny that any class members were injured, deny that the Defendants engaged in any wrongful conduct with respect to the Plan, and deny that Plaintiffs have any viable claim against Defendants.  With respect to whether certification of a class is appropriate in this case, Defendants refer to the Court's Order at Dkt. No. 83.

122.     The allegations of Paragraph 122 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny that Plaintiffs have stated a valid claim against them.  With respect to whether certification of a class is appropriate in this case, Defendants refer to the Court's Order at Dkt. No. 83.

123.     The allegations of Paragraph 123 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 123.  With respect to whether certification of a class is appropriate in this case, Defendants refer to the Court's Order at Dkt. No. 83.

124.     The allegations of Paragraph 124 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny that Plaintiffs have stated a valid claim against them.  With respect to whether certification of a class is appropriate in this case, Defendants refer to the Court's Order at Dkt. No. 83.

125.     The allegations of Paragraph 125 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny that any class members were injured, deny that the Defendants engaged in any wrongful conduct with respect to the Plan, and deny that Plaintiffs have any viable claim against Defendants.  With respect to

whether certification of a class is appropriate in this case, Defendants refer to the Court's Order at Dkt. No. 83.

126.    The allegations of Paragraph 126 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 126.

## COUNT I

127.    The allegations of Paragraph 127 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 127.

128.    The allegations of Paragraph 128 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 128.

129.    The allegations of Paragraph 129 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 129.

130.    The allegations of Paragraph 130 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 130.

131.    The allegations of Paragraph 131 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 131.

132.    The allegations of Paragraph 132 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 132.

133.    The allegations of Paragraph 133 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 133.

134.    The allegations of Paragraph 134 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 134.

## COUNT II

135.    The allegations of Paragraph 135 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 135.

136.    The allegations of Paragraph 136 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 136.

137.    The allegations of Paragraph 137 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 137.

138.    The allegations of Paragraph 138 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 138.

139.    The allegations of Paragraph 139 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 139.

140.    The allegations of Paragraph 140 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 140.

141.    The allegations of Paragraph 141 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 141.

**COUNT III**

142.    The allegations in Paragraph 142 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 142.

143.    The allegations in Paragraph 143 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 143.

144.    The allegations in Paragraph 144 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 144.

145.    The allegations in Paragraph 145 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 145.

146.    The allegations in Paragraph 146 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 146.

147.    The allegations in Paragraph 147 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 147.

## COUNT IV

148.    The allegations of Paragraph 148 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 148.

149.    The allegations of Paragraph 149 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 149.

150.    The allegations of Paragraph 150 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 150.

151.    The allegations of Paragraph 151 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 151.

152.    The allegations of Paragraph 152 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 152.

153.    The allegations of Paragraph 153 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 153.

154.    The allegations of Paragraph 154 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 154.

### COUNT V

155.    The allegations of Paragraph 155 purport to assert legal conclusions and selectively quote from a statute that speaks for itself, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 155.

156.    Defendants deny the allegations of Paragraph 156.

157.    Defendants deny the allegations of Paragraph 157.

158.    The allegations of Paragraph 158 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 158.

159.    The allegations of Paragraph 159 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 159.

160.    The allegations of Paragraph 160 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 160.

161.    The allegations of Paragraph 161 purport to assert legal conclusions, and therefore require no response.  To the extent that a response is required, Defendants deny the allegations of Paragraph 161.

162.    The allegations of Paragraph 162 constitute a request for equitable relief to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiffs

have any viable claim against Defendants or any right to seek equitable relief against Defendants.

## PLAINTIFFS' PRAYER FOR RELIEF

The remainder of Plaintiffs' Fourth Amended Complaint constitutes a prayer for relief as to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs have any viable claim against Defendants or any right to relief against Defendants.

## DEFENSES

Defendants advance the following defenses to the Fourth Amended Complaint. The defenses asserted below will apply, or will not apply, in varying degrees to members of the class including Plaintiffs, depending upon the particular factual circumstances of each individual member of the class. By setting forth these defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### First Defense

The Fourth Amended Complaint fails to state a claim or cause of action upon which relief can be granted.

### Second Defense

The Plaintiffs lack constitutional and/or statutory standing to bring their claims for numerous reasons, including, but not limited to, that they lack standing (i) to bring claims regarding funds in which the Plaintiffs did not invest; and/or (ii) to bring claims regarding Plan injuries with respect to periods in which Plaintiffs did not participate in the Plan.

### Third Defense

Plaintiffs' claims, and those of the members of the class, are barred, in whole or in part, by the applicable statute of limitations and repose, including but not limited to ERISA § 413, 29 U.S.C. § 1113, to the extent that Plaintiffs and/or the class members had knowledge of their alleged claims more than three years prior to filing the lawsuit and/or that the conduct giving rise to Plaintiffs' claims occurred more than six years prior to the filing of the original Complaint.

### Fourth Defense

Neither the Plaintiffs nor the class members have suffered any legally cognizable losses or damages from their purported investments in the funds available under the Plan.

### Fifth Defense

Any injury sustained by Plaintiffs or any class members on behalf of the Plan was not directly or proximately caused by the alleged breach of fiduciary duty as set forth in the Fourth Amended Complaint.

### Sixth Defense

The Defendants acted at all times and in all respects in good faith, with due care, and in accordance with plan documents, and did not engage in any conduct which would constitute a breach of fiduciary duty or a failure to monitor fiduciaries.

### Seventh Defense

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred, in whole or in part, because the Fourth Amended Complaint seeks relief that cannot be obtained under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2), and it seeks relief that is not "other appropriate equitable relief" available under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

### Eighth Defense

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred, in whole or in part, by ERISA § 404(c), 29 U.S.C. § 1104(c), because Plaintiffs and/or the class members exercised control over their plan accounts.

### Ninth Defense

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred or reduced, in whole or in part, because they have proximately caused, contributed to, and/or failed to mitigate any and all harm and/or loss claimed.

### Tenth Defense

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

### Eleventh Defense

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred, in whole or in part, to the extent that Plaintiffs, the Plan, and/or the class members have released and/or covenanted to not sue Defendants regarding the ERISA claims brought in the Fourth Amended Complaint.

### Twelfth Defense

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred, in whole or in part, by their failure to exhaust administrative remedies.

### Thirteenth Defense

To the extent that this action seeks exemplary or punitive damages, any such relief would violate Defendants' rights to procedural and substantive due process.

### Fourteenth Defense

The Plaintiffs lack standing to seek prospective injunctive relief.

### Fifteenth Defense

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred, in whole or in part, by applicable safe harbor and/or statutory or regulatory exemptions under ERISA and its corresponding regulations.

### Sixteenth Defense

To the extent that any action by the Defendants otherwise could constitute a prohibited transaction under ERISA § 406, 29 U.S.C. § 1106, that action falls within the scope of one or more exemptions to ERISA § 406, including but not limited to the exemptions provided in and/or authorized by ERISA § 408, 29 U.S.C. § 1108, and/or Prohibited Transaction Exemption 77-3.

### Seventeenth Defense

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred, in whole or in part, to the extent Plaintiffs claim losses, damages or other relief on account of acts or omissions by any Defendant that are ministerial or non-discretionary in nature.

### Eighteenth Defense

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred, in whole or in part, to the extent Plaintiffs claim losses, damages or other relief on account of acts or omissions by any Defendant that arise out of settlor or sponsor duties with respect to the Plan.

### Nineteenth Defense

This action is barred because Plaintiffs have not suffered any legally cognizable damages or injuries by virtue of any matter alleged in the Fourth Amended Complaint or any act or omission on the part of any Defendant.

**Twentieth Defense**

Plaintiffs have failed to allege facts sufficient to entitle them to an award of attorneys' fees.

**Twenty-First Defense**

This action is barred because Plaintiffs assert their allegations in bad faith, and/or with unclean hands, and/or on the basis of insufficient factual investigation by Plaintiffs and Plaintiffs' counsel, resulting in unreasonable and vexatious proceedings.   Under ERISA § 502(g)(1), 29 U.S.C. § 1132(g), and 28 U.S.C. § 1972, Defendants' costs and attorneys' fees should be assessed against Plaintiffs and Plaintiffs' counsel and awarded to Defendants.

**Twenty-Second Defense**

The Court lacks personal jurisdiction over all or some of the parties whom Plaintiffs purport to name as Defendants.

**Twenty-Third Defense**

Plaintiffs have failed to effectuate process or service of process as to certain parties whom Plaintiffs purport to name as Defendants.

**Twenty-Fourth Defense**

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred, in whole or in part, because the challenged fees are not plan assets within the meaning of ERISA.

**Twenty-Fifth Defense**

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred, in whole or in part, because the challenged fees and expenses are not excessive or unreasonable.

34

### Twenty-Sixth Defense

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred, in whole or in part, to the extent that they are asserted against persons or entities who are not ERISA fiduciaries with respect to the conduct alleged in the Fourth Amended Complaint.

### Twenty-Seventh Defense

Defendants have stipulated to class certification to the extent addressed in the Stipulation dated May 2, 2019 (Dkt. No. 78), but Defendants hereby reserve all rights to seek decertification of the Class certified by Order dated May 7, 2019 (Dkt. No. 83) on any ground permitted by Rule 23 or other law if changed circumstances warrant decertification.

### Twenty-Eighth Defense

This action is not maintainable by Plaintiffs as a representative action under ERISA Sections 502(a)(2) and 409.

### Twenty-Ninth Defense

Plaintiffs' claims, and those of the members of the class or made on behalf of the Plan, are barred, in whole or in part, by the terms of the settlement agreement in *Bilewicz v. FMR LLC, et al.,* No. 1:13-cv-10636, ECF Nos. 53-1 and 72 (D. Mass. Oct. 16, 2014).

### RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case and hereby reserve all rights to amend their answer to assert such defenses.

### RESPONSE TO JURY TRIAL DEMAND

Plaintiffs are not entitled to a jury trial on the claims set forth in the Fourth Amended Complaint.

## **DEMAND FOR JUDGMENT**

WHEREFORE, Defendants respectfully request that the Court determine and adjudge:

    a.   that this suit cannot be maintained as a representative action;

    b.   that Plaintiffs take nothing by the Fourth Amended Complaint;

    c.   that the Fourth Amended Complaint be dismissed with prejudice;

    d.   that Defendants be awarded their attorneys' fees, costs, and expenses incurred herein;

    e.   that Defendants be awarded any relief to which they are entitled under the terms of the settlement agreement in *Bilewicz v. FMR LLC, et al.,* No. 1:13-cv-10636, ECF Nos. 53-1 and 72 (D. Mass. Oct. 16, 2014); and

    f.   that Defendants be awarded such other and further relief as the Court may deem just and proper.

36

May 16, 2019

Respectfully submitted,

 /s/ *Alison Douglass*
John J. Falvey, Jr. (BBO# 542674)
Alison V. Douglass (BBO# 646861)
David Rosenberg (BBO# 679434)
Benjamin S. Reilly (BBO# 693742)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
jfalvey@goodwinlaw.com
adouglass@goodwinlaw.com

*Attorneys for Defendants FMR LLC, the*
*FMR LLC Funded Benefits Investment*
*Committee, the FMR LLC Retirement*
*Committee, Fidelity Management &*
*Research Company, FMR Co., Inc., and*
*Fidelity Investments Institutional Operations*
*Company, Inc.*

### CERTIFICATE OF SERVICE

I, Alison V. Douglass, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 16, 2019.

/s/ *Alison V. Douglass*