# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Kevin Moitoso, Tim Lewis, Mary Lee Torline, and Sheryl Arndt, individually and as representatives of a class of similarly situated persons, and on behalf of the Fidelity Retirement Savings Plan, <br><br> Plaintiffs, <br><br> v. <br><br> FMR LLC, the FMR LLC Funded Benefits Investment Committee, the FMR LLC Retirement Committee, Fidelity Management & Research Company, FMR Co., Inc., and Fidelity Investments Institutional Operations Company, Inc., <br><br> Defendants. | Case No. 1:18-cv-12122-WGY |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement, dated July 2, 2020 (the "Settlement Agreement"), is made and entered into by and among: (i) Plaintiffs Kevin Moitoso, Tim Lewis, Mary Lee Torline, and Sheryl Arndt (on behalf of themselves and each Class Member and the Fidelity Retirement Savings Plan), by and through their counsel of record in the litigation, and the Fidelity Retirement Savings Plan; and (ii) Defendants FMR LLC, the FMR LLC Funded Benefits Investment Committee ("FBIC"), the FMR LLC Retirement Committee ("Retirement Committee"), Fidelity Management & Research Company, FMR Co., Inc., and Fidelity Investments Institutional Operations Company, Inc., by and through their counsel of record in the litigation.[1]  The Settlement Agreement is intended to fully, finally, and forever resolve, discharge, and settle Plaintiffs' Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Settlement Agreement.

## ARTICLE I

## DEFINITIONS

1.1    "Action" means the civil action captioned *Moitoso, et al. v. FMR LLC, et al.*, Civil Action No. 1:18-cv-12122-WGY, pending in the United States District Court for the District of Massachusetts.

---

[1]    Except as otherwise specified, all capitalized terms shall have the meanings set forth in Article I of this Settlement Agreement.

ACTIVE/103921113.4

1.2     "Administrative Expenses" means all expenses incurred in the administration of this Settlement Agreement, including but not limited to (a) all fees, expenses, and costs associated with the production and dissemination of the Notices to Class Members and related tax expenses (including taxes and tax expenses described in Section 4.6); (b) all expenses incurred by the Settlement Administrator in administering and effectuating this settlement, including all costs associated with the calculations pursuant to the Plan of Allocation; (c) all fees and expenses associated with the Settlement Website and telephone support line described in Article III; (d) all fees charged by the Settlement Administrator; and (e) all fees and expenses charged by the Independent Fiduciary and Escrow Agent. All Administrative Expenses approved by the Court and tax-related Administrative Expenses pursuant to Section 4.6 shall be paid from the Gross Settlement Amount.

1.3     "Alternate Payee" means a person, other than a Participant Class Member, Former Participant Class Member, or Beneficiary, who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order ("QDRO"), where the QDRO relates to a Participant Class Member or Former Participant Class Member's balance during the Class Period.

1.4     "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and the costs and expenses incurred by Class Counsel in connection with the Action, including the investigation leading to it, which shall be recovered from the Gross Settlement Amount.

1.5     "Authorized Former Participant Class Member" means a Former Participant Class Member who has submitted a completed, satisfactory Former Participant Class Member Claim Form by the Claims Deadline set by the Court in the Preliminary Approval Order and whose Former Participant Class Member Claim Form is accepted by the Settlement Administrator.

1.6     "Average Account Balance" has the meaning ascribed to it in Section 5.1(b) herein.

1.7     "Beneficiary" means a person who currently is entitled to receive a benefit under the Plan that is derivative of the interest of a Participant Class Member or Former Participant Class Member, other than an Alternate Payee.  A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, or child who currently is entitled to a benefit.

1.8     "CAFA Notice" means the notice required to be provided pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

1.9     "Claims" has the meaning ascribed to it in Section 1.42.

1.10    "Claims Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

1.11    "Class" means the following class, which tracks the class certified by the Court on May 7, 2019 (ECF No. 83), and which is comprised of all participants and beneficiaries

2

of the FMR LLC Profit Sharing Plan or the Fidelity Retirement Savings Plan who, during the Class Period, (1) remained Plan participants or beneficiaries for any length of time, (2) ceased to be employed by a participating employer before or during the period of time that they remained in the Plan, and (3) did not receive any portion of the mandatory revenue credit contributed to the Plan pursuant to § 5.1(e) of the 2014 Restatement of the Plan (as amended) and § 1.12(b)(3) of the 2017 Adoption Agreement for use with the Fidelity Basic Plan Document No. 17 for the Plan (as amended) issued by the Company in any Plan year or portion of a Plan year in which they maintained a Plan account balance and were no longer employed by a participating employer. Excluded from the class are Individual Board Members and Individual Committee Members.

1.12    "Class Counsel" means Nichols Kaster, PLLC, and Block & Leviton LLP.

1.13    "Class Member" means a member of the Class.

1.14    "Class Period" means November 17, 2014 through the date of the Final Approval Order, inclusive.

1.15    "Company" means FMR LLC.

1.16    "Complaints" means the document filed in this Action at ECF No. 1 on October 10, 2018; the document filed at ECF No. 31 on November 9, 2018; the document filed at ECF No. 37 on January 10, 2019; the document filed at ECF No. 56 on March 25, 2019; and the document filed at ECF No. 77 on May 2, 2019.

1.17    "Confidentiality Order" means the Stipulated Protective Order entered in the Action on January 15, 2019 (ECF No. 46).

1.18    "Court" means the United States District Court for the District of Massachusetts.

1.19    "Defendants" means the Company, the FBIC, the Retirement Committee, Fidelity Management & Research Company, FMR Co., Inc., and Fidelity Investments Institutional Operations Company, Inc.

1.20    "Defendants' Counsel" means Goodwin Procter LLP.

1.21    "Defendants' Released Claims" means all claims, whether arising under federal, state, or any other law, which have been, or could have been, asserted in the Action or in any court or forum, by Defendants against the Named Plaintiffs or any Class Members, or their attorneys (including Class Counsel), which arise out of the institution, prosecution or settlement of the Action, except for claims to enforce the Settlement Agreement.

1.22    "Entitlement Amount" means that portion of the Net Settlement Amount payable to an individual Participant Class Member or Authorized Former Participant Class Member, as determined according to the procedures described in Article V herein.

1.23    "ERISA" means the Employee Retirement Income Security Act of 1974, as amended.

ACTIVE/103921113.4

1.24    "Escrow Account" means an account at an established financial institution agreed upon by the Parties that is established for the deposit of the Gross Settlement Amount and amounts relating to it, such as income earned on the investment of the Gross Settlement Amount.

1.25    "Escrow Agent" means Alerus Financial, an independent contractor to be retained by Class Counsel and approved by the Court, or its designee, which will serve as escrow agent for any portion of the Gross Settlement Amount deposited in or accruing in the Escrow Account pursuant to this Settlement.

1.26    "Fairness Hearing" means the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement Agreement should receive final approval by the Court.

1.27    "Final Approval" means the entry of the Final Approval Order.

1.28    "Final Approval Order" means the order and final judgment of the Court approving the Settlement, in substantially the form submitted in connection with Plaintiffs' Motion for Final Approval of the Settlement.

1.29    "Former Participant Class Member" means any Class Member who had a Plan account with a balance greater than $0.00 at any point during the Class Period but who does not have a Plan account with a balance greater than $0.00 as of the date of the Preliminary Approval Order.

1.30    "Former Participant Class Member Claim Form" means the form described generally in Section 5.3 herein, substantially in the form attached as Exhibit 3 hereto.

1.31    "Gross Settlement Amount" means the sum of twenty eight million five hundred thousand U.S. dollars (USD $28,500,000.00), contributed to the Qualified Settlement Fund as described in Article IV herein.  The Gross Settlement Amount shall be the full and sole monetary payment to the Named Plaintiffs, Class Members, and Class Counsel made on behalf of Defendants in connection with this Settlement Agreement.

1.32    "Independent Fiduciary" means the person or entity selected by the Company to serve as an independent fiduciary with respect to the Settlement Agreement for the purpose of rendering the determination described in Section 2.2 herein.

1.33    "Individual Board Members" means members of the FMR LLC Board of Directors during the Class Period.

1.34    "Individual Committee Members" means members of the FBIC or the Retirement Committee during the Class Period.

1.35    "Named Plaintiffs" means Kevin Moitoso, Tim Lewis, Mary Lee Torline, and Sheryl Arndt.

1.36    "Net Settlement Amount" means the Gross Settlement Amount, plus and interest or income earned on the Qualified Settlement Fund, minus:  (a) all Attorneys' Fees and

4

Costs approved by the Court; (b) any Service Awards approved by the Court; (c) all Administrative Expenses approved by the Court and tax-related Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Parties and approved by the Court that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, and (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period.

1.37    "Notices" means the forms of Court-approved notices of this Settlement Agreement that are disseminated to Class Members.  The Parties shall propose that the Court approve the forms of notice attached as Exhibits 1 and 2 hereto.  The Notice to Former Participant Class Members will include the Former Participant Class Member Claim Form, and inform Former Participant Class Members of the Claims Deadline by which they must submit a completed Former Participant Class Member Claim Form to the Settlement Administrator in order to be eligible for a distribution pursuant to the Plan of Allocation.

1.38    "Non-Rollover-Electing Authorized Former Participant" means an Authorized Former Participant Class Member who opted on his or her Former Participant Class Member Claim Form to receive his or her Entitlement Amount by check, or selected to receive the Entitlement Amount by rollover but did not provide sufficient information for the Settlement Administrator to effectuate this request, as described in Section 5.3(a)(i).

1.39    "Participant Class Member" means any Class Member who had a Plan account with a balance greater than $0.00 at any point during the Class Period, and, as of the date of the Preliminary Approval Order, had a Plan account with a balance greater than $0.00.

1.40    "Parties" means Named Plaintiffs (on behalf of themselves and each Class Member and the Fidelity Retirement Savings Plan) and Defendants.

1.41    "Plan Document" has the meaning ascribed to it in Section 1.42(a).

1.42    "Plaintiffs' Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, interest, attorneys' fees, expenses, costs, expert or consulting fees, and any other liability whatsoever or causes of action, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, and whether class, derivative, or individual in nature (collectively, "Claims"), including both known Claims and Unknown Claims, against any of the Released Parties, regardless of when the Class Member became a member of the Class:

(a)    That in any way arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that were or could have been asserted in the Action (including any assertion set forth in any of the Complaints, and in any submissions made by Plaintiffs in connection with the Action or any other submission made by the Plaintiffs, Class Members, or their expert witnesses or Class Counsel in connection with the Action) or in any other complaint, action, or litigation, whether or not pleaded in the

Complaints.  The Plaintiffs' Released Claims expressly include, but are not limited to any and all claims that arise out of, relate to, are based on, or have any connection with:  (1) the structure, management, monitoring, servicing, administration, size and/or expenses of the Plan; (2) the selection, monitoring, oversight, fees, expenses, share classes, numerosity, performance, performance history (or absence of performance history) or any other attributes of the investments available under the Plan, including the Plan's self-directed brokerage window or account; (3) the designation or failure to designate any investments as designated investment alternatives in the Plan's governing document (the "Plan Document"), and consequences of such designation or failure to designate; (4) any alleged conflict of interest, self-dealing, or improper reversion of funds with respect to the Plan; (5) the selection, monitoring, oversight, retention, fees, expenses, performance of the Plan's services or service providers, including without limitation, administrative and/or recordkeeping services; (6) fees, costs, or expenses charged to, paid, or reimbursed by, or authorized to be paid or reimbursed by the Plan, including any fees or costs attributable to recordkeeping; (7) revenue sharing in connection with the Plan's investments; (8) any failure to capture, credit, offset or rebate recordkeeping offsets or revenue credits in connection with the Plan; (9) the mandatory revenue credit paid to the Plan by the Company pursuant to the Plan Document that approximates all revenue received by the Company and its affiliates in connection with the Plan, and the allocation of such mandatory revenue credit among Plan participants; (10) any disclosures, reports, or filings in connection with the Plan; and/or (11) any assertions with respect to fiduciaries of the Plan, or the selection or monitoring of those fiduciaries, in connection with the foregoing;

(b)     that would be barred by res judicata based on the Court's entry of the Final Approval Order;

(c)     that arise from the direction to calculate, the calculation of, and/or the method or manner of the allocation of the Net Settlement Fund pursuant to the Plan Of Allocation; or

(d)     that arise from the approval by the Independent Fiduciary of the Settlement Agreement.

Notwithstanding anything herein, the following shall not be included in the definition of Plaintiffs' Released Claims: (i) claims to enforce the Settlement Agreement, and (ii) individual claims for denial of benefits from the Plan.

1.43     "Plan" means the Fidelity Retirement Savings Plan.

1.44     "Plan Of Allocation" means the methodology for allocating and distributing the Net Settlement Amount as described in Article V herein.

1.45     "Preliminary Approval Order" means the order of the Court preliminarily approving the Settlement Agreement, in substantially the form submitted in connection with Named Plaintiffs' motion for entry of Preliminary Approval Order.

1.46     "PTE 2003-39" means U.S. Department of Labor Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75,632 (Dec. 31, 2003), as amended.

6

1.47    "Qualified Domestic Relation Order" means a judgment, decree, or order (including the approval of a property settlement) that is made pursuant to state domestic relations law (including community property law) and that relates to the provision of child support, alimony payments, or marital property rights for the benefit of a spouse, former spouse, child, or other dependent of a Participant Class Member or Former Participant Class Member and which has been determined qualified pursuant to the Plan's procedures.

1.48    "Qualified Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent as described in Article IV herein.

1.49    "Recordkeeper" means Fidelity Investments Institutional Operations Company, Inc.

1.50    "Released Parties" means  (a) each Defendant, Individual Board Member, and Individual Committee Member; (b) each Defendant's past, present, and future parent corporation(s), subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, and any individual, partnership, corporation, governmental entity or any other form of entity or organization that controls, is controlled by, or is under common control with any of the foregoing; (c) with respect to (a) and (b) above, all of their affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), administrators, service providers (including their owners and employees), consultants, subcontractors, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, accountants, auditors, advisors, personal representatives, heirs, executors, administrators, associates, and all persons acting under, by, through, or in concert with any of them; and (d) the Plan and any and all administrators, fiduciaries, parties in interest, and trustees of the Plan.

1.51    "Rollover-Electing Authorized Former Participant Class Member" means an Authorized Former Participant Class Member who opted on his or her Former Participant Class Member Claim Form to receive his or her Entitlement Amount by rollover.

1.52    "Service Award" means any incentive or service award awarded by the Court to the Named Plaintiffs for their service as class representatives.

1.53    "Settlement" means the settlement of the Action contemplated by this Settlement Agreement.

1.54    "Settlement Administrator" means Analytics Consulting LLC, an independent contractor to be retained by Class Counsel and approved by the Court.

1.55    "Settlement Agreement" means the compromise and resolution embodied in this agreement and its exhibits.

1.56    "Settlement Effective Date" means one business day following the later of (a) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; or (b) if there are any appeals, the date of dismissal or completion of any appeal, in a

7

manner that finally affirms and leaves in place the Final Approval Order without any material modifications, and all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or rehearing or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand).

      1.57   "Settlement Period" shall be from the Settlement Effective Date and continuing for a period of nine months thereafter.

      1.58   "Settlement Website" means the internet website established by the Settlement Administrator as described in Section 3.3 herein.

      1.59   "Unknown Claims" means any and all Plaintiffs' Released Claims which the Plaintiffs or the Class Members do not know or suspect to exist as of the Settlement Effective Date, which if known might have affected their decision(s) with respect to the Settlement.

## ARTICLE II

## SETTLEMENT APPROVAL

      2.1   <u>Preliminary approval by Court</u>.  On or before July 2, 2020, the Named Plaintiffs, through Class Counsel, shall apply to the Court for entry of the Preliminary Approval Order, in substantially the form attached hereto as Exhibit 4, which shall include, among other provisions, a request that the Court:

      (a)   preliminarily approve this Settlement Agreement for purposes of disseminating notice to the Class;

      (b)   approve the form and contents of the Notices (including the Former Participant Class Member Claim Form to be sent to Former Participant Class Members) and hold that mailing copies of the Notices to Class Members by first class mail, postage prepaid complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law;

      (c)   preliminarily bar and enjoin the institution and prosecution of any Plaintiffs' Released Claims against any Released Parties by Class Members and their respective heirs, Beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, pending final approval of this Settlement Agreement, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and Plaintiffs' Released Claims;

      (d)   provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of Plaintiffs' Released Claims against the Defendants, the Released Parties, or the Plan;

(e)     set a deadline of no later than ten (10) calendar days before the Fairness Hearing by which each Former Participant Class Member must file a Former Class Member Participant Claim Form with the Settlement Administrator in order to be considered for a distribution pursuant to the Plan of Allocation;

(f)     provide that Class Members may object to the Settlement Agreement prior to the Fairness Hearing according to a designated schedule;

(g)     schedule a Fairness Hearing to (1) review comments and/or objections regarding this Settlement Agreement, (2) consider the fairness, reasonableness, and adequacy of this Settlement Agreement, (3) consider whether the Court should issue a Final Approval Order approving this Settlement Agreement, awarding any Attorneys' Fees and Costs, Administrative Expenses, and Service Awards, and dismissing this Action with prejudice, and (4) consider such other matters as the Court may deem appropriate;

(h)     provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel.  To be timely sent, the objection and any supporting documents must be sent to Class Counsel and Defendants' Counsel at least twenty-one (21) calendar days prior to the scheduled Fairness Hearing;

(i)     provide that Class Counsel shall file any objections to any aspect of the Settlement with the Court as part of their motion for Final Approval of the Settlement; and

(j)     provide that any party may file a response to an objection by a Class Member at least seven (7) calendar days before the Fairness Hearing.

2.2     Review by Independent Fiduciary.  The Company shall, in its sole discretion, select and retain the Independent Fiduciary, on behalf of the Plan, to determine whether to approve and authorize the settlement of Plaintiffs' Released Claims on behalf of the Plan.

(a)     The Independent Fiduciary shall comply with all relevant requirements set forth in PTE 2003-39.

(b)     The Independent Fiduciary shall notify the Company of its determination in writing and in accordance with PTE 2003-39, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.  The Company will provide Class Counsel with a copy of the Independent Fiduciary's written notification no later than five (5) business days before the deadline to move for Final Approval of the Settlement, for the purpose of submitting the Independent Fiduciary's written notification to the Court in connection with the Final Approval process.

(c)     If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement Agreement or refuses to execute the release on behalf of the Plan, the Defendants (and only the Defendants) may (but need not) terminate the Settlement Agreement.

9

(d)     The Parties shall comply with reasonable requests for information made by the Independent Fiduciary.

(e)     All fees and expenses associated with the Independent Fiduciary's retention and determination shall be considered Administrative Expenses.

2.3     Final approval by Court.  No later than fourteen (14) calendar days before the Fairness Hearing, or by such other deadline as specified by the Court, Class Counsel shall apply to the Court for entry of the Final Approval Order, which shall include, among other provisions, a request that the Court:

(a)     dismiss the Action with prejudice and without costs, except as contemplated by this Settlement Agreement;

(b)     decree that neither the Final Approval Order nor this Settlement Agreement constitutes an admission by any Defendant or Released Party of any liability or wrongdoing whatsoever;

(c)     bar and enjoin all Class Members from asserting any of Plaintiffs' Released Claims against any of the Released Parties;

(d)     determine that this Settlement Agreement is entered into in good faith and represents a fair, reasonable, and adequate settlement that is in the best interests of the Class Members; and

(e)     preserve the Court's continuing and exclusive jurisdiction over the Parties and all Class Members to administer, construe, and enforce this Settlement Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Final Approval Order.

## ARTICLE III

## SETTLEMENT ADMINISTRATION

3.1     CAFA Notice.  No later than ten (10) calendar days after the Named Plaintiffs' filing of this Settlement Agreement and motion for entry of the Preliminary Approval Order with the Court, the Settlement Administrator shall provide appropriate notice of this Settlement Agreement to the Attorney General of the United States and to the Attorneys General of all states in which Class Members reside, as specified in 28 U.S.C. § 1715(b).  The costs of such notice shall be considered an Administrative Expense.  Upon completing such notice, the Settlement Administrator shall provide written notice to Class Counsel and Defendants' Counsel.

3.2     Notice to Class Members.

(a)     Subject to the Confidentiality Order, the Company shall, upon request of the Settlement Administrator and at least 14 days before the deadline for issuance of the Notices, produce to the Settlement Administrator names and last known addresses as they appear in the Company's records for all Class Members, as well as a list of Participant Class

Members and Former Participant Class Members, for the purpose disseminating the Notices to Class Members as provided in Section 3.2(b) below. The Company shall provide any other information reasonably and timely requested by the Settlement Administrator for purposes of issuance of the Notices, but shall not be otherwise obligated to assist with communications to the Class Members.

(i)   The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Parties, set forth in writing to the Settlement Administrator.

(ii)   The Settlement Administrator shall use the data provided by the Company and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

(iii)   The Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

(iv)   Both sides shall have equal access to information held by the Settlement Administrator given that such information is necessary to administer this Settlement consistent with Class Counsel's obligation to do so; however, such information shall be kept in strict confidence by Class Counsel and subject to the Confidentiality Order.

(v)   Class Counsel and their agents shall use any information provided by the Company in connection with this Settlement Agreement solely for the purpose of providing the Notice and administering this Settlement and for no other purpose.

(b)   No later than thirty-five (35) calendar days after the entry of the Preliminary Approval Order, or by such other deadline as specified by the Court, the Settlement Administrator shall send the Notices by first-class mail, postage prepaid to Class Members.

(c)   The Notices shall be in the form approved by the Court, which shall be in substantially the form attached as Exhibit 1 and 2 hereto.  The Notice to Former Participant Class Members will include the Former Participant Class Member Claim Form.

(d)   A Notice shall be sent to the last known address of each Class Member provided by the Recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known address provided by the Recordkeeper (or its designee).

(e)   The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Notice is returned and mail such Notices to those Class Members one additional time.

(f)   The Settlement Administrator shall post a copy of the Notices and the Former Participant Class Member Claim Form on the Settlement Website.

ACTIVE/103921113.4

3.3     Settlement Website.

(a)     No later than thirty-five (35) calendar days after the entry of the Preliminary Approval Order, the Settlement Administrator shall establish the Settlement Website.  The Settlement Administrator shall maintain the Settlement Website until no later than one year after the Settlement Effective Date or thirty (30) calendar days after the receipt of the notice(s) referenced in Section 5.5, whichever is earlier, at which point the Settlement Administrator shall take down the Settlement Website.

(b)     The Settlement Website shall contain a copy of the Notices, Former Participant Class Member Claim Form, and relevant case documents, including but not limited to a copy of the operative Fourth Amended Complaint (ECF No. 77) and all documents filed with the Court in connection with the Settlement.  No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Parties in writing.

(c)     The Settlement Website shall also include a toll-free telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator (or its designee) directly.  With approval and input from Class Counsel and Defendants' Counsel, the Settlement Administrator shall develop a question-and-answer script for use with callers to the toll-free telephone number.

3.4     Distribution of Net Settlement Amount.  Within fourteen (14) calendar days of the Final Approval Order, the Company shall use reasonable efforts to cause the Recordkeeper (or its designee) to provide to the Settlement Administrator all information necessary to implement the Plan of Allocation, as well as an updated list of Participant Class Members and Authorized Former Participant Class Members prior to the distribution, so as to identify any such participants who have taken a full distribution from their Plan account and no longer have a Plan account with a balance greater than $0.00.  Following receipt of this information, the Settlement Administrator shall distribute the Net Settlement Amount to Participant Class Members and Authorized Former Participant Class Members in accordance with the Plan of Allocation as described in Article V herein.

3.5     Maintenance of records.  The Settlement Administrator shall maintain reasonably detailed records of its activities carried out under this Settlement Agreement.  The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and provide same to Class Counsel and Defendants' Counsel upon their request.  The Settlement Administrator shall provide such information as may reasonably be requested by Named Plaintiffs, Defendants, Class Counsel, or Defendants' Counsel relating to the administration of the Settlement Agreement.

3.6     No liability.  Defendants, Individual Board Members, Individual Committee Members, Defendants' Counsel, and Defendant Released Parties shall have no responsibility for, interest in, or liability whatsoever, with respect to:

(a)     any act, omission, or determination of the Settlement Administrator;

(b)     any act, omission, or determination of Class Counsel or their designees or agents in connection with the administration of the Settlement Agreement;

ACTIVE/103921113.4

(c)     the management, investment, or distribution of the Qualified Settlement Fund; or

(d)     the determination, administration, calculation, verification, confirmation or payment of any claims asserted against the Qualified Settlement Fund.  The Defendants' responsibility with respect to the amounts to be paid pursuant to this Settlement Agreement is limited to its responsibility to cause payments to be made to the Qualified Settlement Fund as set forth in Section 4.2.

## ARTICLE IV

## ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

4.1     Establishment of the Qualified Settlement Fund.  No later than ten (10) business days after entry of the Preliminary Approval Order, the Escrow Agent shall establish an escrow account.  The Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of U.S. Department of Treasury Regulation § 1.468B-1 (26 C.F.R. § 1.468B-1).  In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in 26 C.F.R. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

4.2     Funding of the Qualified Settlement Fund.  In consideration of all the promises and agreements set forth in the Settlement Agreement, the Company will cause its insurers to contribute the Gross Settlement Amount to the Qualified Settlement Fund.  No other Defendant shall have any obligation to contribute financially to the Qualified Settlement Fund or any other Settlement-related expenses.  The Company shall cause its insurers to contribute the Gross Settlement Amount to the Qualified Settlement Fund, and this funding, in the aggregate, together with any interest and investment earnings thereon, shall constitute the Qualified Settlement Fund:

(a)     No later than twenty-eight (28) calendar days after the later of (i) the Preliminary Approval Order is entered, or (ii) the escrow account described in Section 4.1 is established and the Escrow Agent shall have furnished to Defendants in writing the escrow account name, IRS W-9 form, and all necessary wiring instructions, the Company shall cause its insurers to deposit one hundred thousand U.S. dollars (USD $100,000.00) of the Gross Settlement Amount into the Qualified Settlement Fund to fund any Administrative Expenses that arise before the entry of the Final Approval Order.

(b)     No later than thirty (30) calendar days after entry of the Final Approval Order, the Company shall cause its insurers to deposit the remaining portion of the Gross Settlement Amount (twenty eight million, four hundred thousand U.S. dollars (USD $28,400,000.00)) into the Qualified Settlement Fund.

4.3     Notwithstanding anything to the contrary in this Settlement Agreement, in no event shall the Company, its insurer(s), or any of the Defendants be required to make payments or incur any expenses in excess of the Gross Settlement Amount.  The Gross Settlement Amount shall be the only amount paid by the Defendants and/or their insurer(s) under this Settlement Agreement, and the Defendants and their insurer(s) shall not be obligated to make any other payments under this Settlement Agreement or in connection with this Settlement including but not limited to any payments that any of the Named Plaintiffs or Class Members may claim they are entitled to under the Plans as a result of this Settlement or any Named Plaintiffs' or Class Members' recovery under this Settlement.

4.4     Qualified Settlement Fund administrator.  For the purpose of § 468B of the Internal Revenue Code of 1986, as amended (26 U.S.C. § 468B) and the regulations promulgated thereunder, the administrator of the Qualified Settlement Fund shall be the Escrow Agent.  The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a taxpayer identification number for the Qualified Settlement Fund and filing the returns described in 26 C.F.R. § 1.468B-2(k)).  Such returns, as well as the election described in Section 4.1, shall be consistent with this Article and, in all events, shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as described in Section 4.5 herein.

4.5     Investment of the Qualified Settlement Fund.  The Escrow Agent shall invest the Qualified Settlement Fund in short-term United States agency or Treasury securities or other instruments backed by the full faith and credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

4.6     Taxes on the income of the Qualified Settlement Fund.  All taxes on any income of the Qualified Settlement Fund and expenses and costs incurred in connection with the taxation of the Qualified Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) are Administrative Expenses and shall be timely paid by the Escrow Agent out of the Qualified Settlement Fund.  The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it.  Defendants, Individual Board Members, Individual Committee Members, Defendants' Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither Defendants, Defendants' Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Parties agree to cooperate with the Escrow Agent,

each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article IV.

4.7     The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defendants' Counsel.  Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

4.8     After the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows:  First, within five (5) business days of the Settlement Effective Date, all Administrative Expenses approved by the Court shall be paid. Second, within twenty-one (21) calendar days of the Settlement Effective Date, (a) any Service Awards awarded by the Court shall be paid; (b) all Attorneys' Fees and Costs approved by the Court shall be paid to Class Counsel; and (c) the Net Settlement Amount will be distributed pursuant to the Plan of Allocation.  Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.  A contingency reserve not to exceed an amount to be mutually agreed upon by the Parties and approved by the Court shall be set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period.

4.9     The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. Defendants, Defendants' Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

4.10    No later than February 15 of the year following the calendar year in which the Company, its insurers, or agents make a transfer to the Qualified Settlement Fund pursuant to the terms of this Article IV, the Company, its insurers, or agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which the Company, its insurers, or agents make a transfer to the Qualified Settlement Fund.

## ARTICLE V

## PLAN OF ALLOCATION

5.1     <u>Calculation of payments to individual Participant Class Members and Authorized Former Participant Class Members.</u>  Payments to each Participant Class Member and

Authorized Former Participant Class Member shall be calculated by the Settlement Administrator as follows, based on information provided by the Recordkeeper:

    (a)    Subject to the Confidentiality Order, the Company shall produce to the Settlement Administrator the information required by Sections 3.2(a) and 3.4 as set forth in said Sections, or any other information reasonably and timely requested by the Settlement Administrator for purposes of administering the Settlement.  The Company shall not be otherwise obligated to assist with distributions to Authorized Former Participant Class Members.

    (b)    For each Participant Class Member and Authorized Former Participant Class Member, the Settlement Administrator shall determine an Average Account Balance, defined as follows:

> Each Participant Class Member and Authorized Former Participant Class Member's average, aggregate quarter-ending account balance invested in the Plan for the period of November 17, 2014 to June 30, 2020.[2]

    (c)    The Settlement Administrator shall determine each Participant Class Member's and Authorized Former Participant Class Member's Entitlement Amount by calculating each individual's pro rata share of the Net Settlement Amount, based on his or her Average Account Balance compared to the sum of all Participant Class Members' and Authorized Former Participant Class Members' Average Account Balances.

    (d)    The aggregate of all Entitlement Amounts may not exceed the Net Settlement Amount.  In the event that the Settlement Administrator determines that aggregate monetary payment pursuant to the Plan of Allocation would exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such pro rata changes as are necessary to ensure that the aggregate monetary payment pursuant to the Plan Of Allocation does not exceed the Net Settlement Amount.

---

[2] Mathematically stated, the *Average Account Balance* shall be calculated as follows:

(Q4 2014 Account Balance * 45/92) + (Q1 2015 Account Balance) + (Q2 2015 Account Balance) + (Q3 2015 Account Balance) + (Q4 2015 Account Balance) + (Q1 2016 Account Balance) + (Q2 2016 Account Balance) + (Q3 2016 Account Balance) + (Q4 2016 Account Balance) + (Q1 2017 Account Balance) + (Q2 2017 Account Balance) + (Q3 2017 Account Balance) + (Q4 2017 Account Balance) + (Q1 2018 Account Balance) + (Q2 2018 Account Balance) + (Q3 2018 Account Balance) + (Q4 2018 Account Balance) + (Q1 2019 Account Balance) + (Q2 2019 Account Balance) + (Q3 2019 Account Balance) + (Q4 2019 Account Balance) + (Q1 2020 Account Balance) + (Q2 2019 Account Balance)

*Divided by*

22.49 quarters during the Class Period.

ACTIVE/103921113.4

5.2     Payments to Participant Class Members.

(a)     Participant Class Members will not be required to submit a Former Participant Class Member Claim Form to receive a settlement payment.

(b)     Upon completing the calculation of each Participant Class Member and Authorized Former Participant Class Member's Entitlement Amount and no later than fourteen (14) calendar days following the Settlement Effective Date, the Settlement Administrator shall provide the Company (or its designee), Class Counsel, Defendants' Counsel, and the Recordkeeper information in a mutually agreeable format concerning each Participant Class Member's Entitlement Amount, and any other information requested by the Company or the Recordkeeper as necessary to effectuate this Article.

(c)     No later than seven (7) calendar days after completing the steps described in Section 5.2(b) herein and upon written notice to the Company, Defendants' Counsel,  and the Recordkeeper, the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plan of all monetary payments payable to Participant Class Members.  The Recordkeeper shall thereafter credit the individual Plan account of each Participant Class Member in an amount equal to that individual's Entitlement Amount.

(d)     Each Participant Class Member's Entitlement Amount shall be invested in accordance with and in proportion to such Participant Class Member's investment elections then on file for new contributions to his or her Plan account.  If the Participant Class Member does not have an investment election on file, then such individual shall be deemed to have directed payment of his or her Entitlement Amount to be invested in the Plan's qualified default investment alternative, as defined in 29 C.F.R. § 2550.404c-5.

(e)     If, as of the date on which the Recordkeeper credits the individual Plan account of each Participant Class Member with his or her Entitlement Amount, an individual believed to be a Participant Class Member no longer has a Plan account balance greater than $0.00, he or she will be treated as a Non-Rollover-Electing Authorized Former Participant Class Member for purposes of the settlement distribution only and will receive his or her payment from the Settlement Administrator in the form of a check as described in Section 5.3(a)(ii).  Such individuals need not complete a Former Participant Class Member Claim Form.

5.3     Payments to Authorized Former Participant Class Members.

(a)     Each Authorized Former Participant Class Member (or the Beneficiaries or Alternate Payees of Authorized Former Participant Class Members) will have the opportunity to elect a tax-qualified rollover of his or her Entitlement Amount to an individual retirement account or other eligible employer plan, which he or she has identified on the Former Participant Class Member Claim Form, provided that the Authorized Former Participant Class Member supplies adequate information to the Settlement Administrator to effect the rollover. Payments to each Authorized Former Participant Class Member shall depend on whether each is a Rollover-Electing Authorized Former Participant Class Member or a Non-Rollover-Electing Authorized Former Participant Class Member:

17

(i)   <u>Rollover-Electing Authorized Former Participant Class Members.</u>  Upon completing the calculation of each Participant Class Member and Authorized Former Participant Class Member's Entitlement Amount and no later than twenty-one (21) calendar days following the Settlement Effective Date, the Settlement Administrator shall effect a rollover from the Qualified Settlement Fund to the individual retirement account or other eligible employer plan elected by each Rollover-Electing Authorized Former Participant Class Member in his or her Former Participant Class Member Claim Form, if the conditions for such rollover are satisfied and any associated paperwork necessary to transfer such Entitlement Amount by rollover have been provided.  If the Settlement Administrator is unable to effectuate the rollover instructions of any Rollover-Electing Authorized Former Participant Class Member as provided in his or her Former Participant Class Member Claim Form, he or she will be treated as a Non-Rollover-Electing Authorized Former Participant Class Member.

(ii)   <u>Non-Rollover-Electing Authorized Former Participant Class Members.</u>  Upon completing the calculation of each Participant Class Member and Authorized Former Participant Class Member's Entitlement Amount and no later than twenty-one (21) calendar days following the Settlement Effective Date, the Settlement Administrator shall issue a check from the Qualified Settlement Fund to each Non-Rollover-Electing Authorized Former Participant Class Member, in the amount of each Authorized Former Participant Class Member's Entitlement Amount (less any withholdings).

5.4   <u>Payments to Beneficiaries and Alternate Payees.</u>

(a)   Beneficiaries of Participant Class Members that are entitled to receive all or a portion of a Participant Class Member's Entitlement Allocation under this Article shall receive such settlement payments in the form of a check issued by the Settlement Administrator.  Beneficiaries of Former Participant Class Members that are entitled to receive all or a portion of a Former Participant Class Member's Entitlement Allocation under this Article will receive such settlement payments under the methods described in Section 5.3 for Former Participant Class Members.

(b)   Alternate Payees of Participant Class Members that are entitled to receive all or a portion of a Participant Class Member's Entitlement Allocation under this Article shall receive such settlement payments pursuant to the terms of the applicable Qualified Domestic Relations Order.  Alternate Payees of Former Participant Class Members that are entitled to receive all or a portion of a Former Participant Class Member's Entitlement Allocation under this Article will receive such settlement payments under the methods described in Section 5.3 for Former Participant Class Members.

(c)   The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article and as ordered by the Court.

5.5   <u>Notice of completion of Plan of Allocation.</u>  Within ten (10) business days of completing all aspects of the Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defendants' Counsel, and the Company one or more affidavits stating the following:  (a) the name of each Class Member to whom the Settlement Administrator sent the

ACTIVE/103921113.4

Notices and/or the Former Participant Class Member Claim Form, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Notices and/or the Former Participant Class Member Claim Form; (c) the name of each Class Member whose Notice and/or Former Participant Class Member Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Notice and/or Former Participant Class Member Claim Form for each such Class Member; (e) the name of each Class Member who submitted a Former Participant Class Member Claim Form on or before the Former Participant Class Member Claim Form Deadline; and (f) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount and form of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

   5.6 <u>Expiration of Allocation Checks and Disbursement of undistributed monies from the Qualified Settlement</u>

     (a) All checks issued in accordance with the Plan of Allocation shall be mailed to the address of each Class Member (or his or her Beneficiary or Alternate Payee) provided by the Recordkeeper or any updated address obtained by the Settlement Administrator.

     (b) All checks issued in accordance with the Plan of Allocation that are not cashed within one hundred twenty (120) days of issuance shall be voided and shall revert to the Qualified Settlement Fund, which limitation shall be printed on the face of each check.  The voidance of checks shall have no effect on Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.  Any amounts that revert to the Qualified Settlement Fund, and any funds that cannot be distributed to Class Members for any other reason, together with any interest earned on them, and after the payment of any applicable taxes by the Escrow Agent, shall be donated to an appropriate charity or charities pursuant to a *cy pres* award of the Court.  The Settlement Administrator shall notify Class Counsel and Defendants' Counsel of the total amount of voided checks.  As soon as practicable following receipt of such notification, Class Counsel shall make an application for a *cy pres* award of any such funds to the Court.  Class Counsel will meet and confer with Defendants' Counsel regarding the proposed recipients of any *cy pres* awards before making such application and the Parties will endeavor in good faith to reach agreement on the recipient or recipients.  In the event that agreement on the recipients is not reached, Defendants shall have the right to object to any proposed *cy pres* recipient and to propose to the Court a recipient or recipients.

   5.7 <u>Responsibility for taxes.</u>

     (a) The Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws.  The Company, Defendants' Counsel, Class Counsel, and the Named Plaintiffs will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement.

(b)     Each Class Member who receives a payment pursuant to the Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, Individual Board Members, Individual Committee Members, Defendants' Counsel, Released Parties, Class Counsel, and the Settlement Administrator harmless from (a) any tax liability, including without limitation penalties and interest, related in any way to payments or credits under the Agreement, and (b) the costs (including, without limitation, fees, costs and expenses of attorneys, tax advisors, and experts) of any proceedings (including, without limitation, any investigation, response, and/or suit), related to such tax liability.

5.8     <u>Restorative Payments</u>.  The Net Settlement Amount to be allocated and distributed to the Authorized Former Participant Class Members and to the Plan for distribution to the Participant Class Members in accordance with the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

## ARTICLE VI

## **PROSPECTIVE RELIEF**

6.1     Defendants agree that the following procedures shall be undertaken on a prospective basis beginning no later than thirty (30) days after the Settlement Effective Date:

(a)     One or more Plan fiduciaries will undertake to monitor Plan recordkeeping fees; and

(b)     One or more Plan fiduciaries will undertake to monitor the Plan's investment options, other than any investments available through the Plan's self-directed brokerage account.

## ARTICLE VII

## <u>**ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS**</u>

7.1     <u>Attorneys' Fees and Costs.</u>  No later than fourteen (14) days prior to the deadline provided in the Preliminary Approval Order for Class Members to object to the Settlement Agreement, Class Counsel may file an application with the Court for payment of reasonable Attorneys' Fees and Costs, and Administrative Expenses (other than those tax-related expenses automatically deducted pursuant to Section 4.6), to be deducted from the Gross Settlement Amount.  Defendants agree not to object to Class Counsel's application for Attorneys' Fees and Costs and Administrative Expenses.  Notwithstanding anything herein, the Court's failure to approve, in whole or in part, any application for Attorneys' Fees and Costs, or Administrative Expenses, sought by Class Counsel shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Settlement.

7.2     <u>Service Award.</u>  No later than fourteen (14) days prior to the deadline provided in the Preliminary Approval Order for Class Members to object to the Settlement Agreement, Class Counsel may file an application with the Court for payment of Service Awards

to the Named Plaintiffs in an amount not to exceed ten thousand U.S. dollars (USD $10,000.00) each.  Notwithstanding anything herein, the Court's failure to approve, in whole or in part, any application for Service Awards shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Settlement.

## ARTICLE VIII

## RELEASES AND COVENANT NOT TO SUE

8.1    Releases.  Subject to Article X below, the obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition and settlement of any and all of Plaintiffs' Released Claims.

(a)    Upon the Settlement Effective Date, the Named Plaintiffs and every Class Member (on behalf of themselves, their heirs, current and former beneficiaries, representatives, executors, administrators, successors, and assigns) and the Plan (subject to Independent Fiduciary approval as described in Section 2.2 herein) shall, with respect to each and every Plaintiffs' Released Claim, be deemed to absolutely and unconditionally, finally and forever release, relinquish and discharge each and every Plaintiffs' Released Claim that the Named Plaintiffs, the Class Members or the Plan directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have against any and all of the Released Parties, and forever shall be enjoined from prosecuting any such Plaintiffs' Released Claim, whether or not Class Members received the Notice, whether or not the Class Members received a payment in connection with this Settlement Agreement, whether or not Former Participant Class Members received the Former Participant Class Member Claim Form, whether or not Former Participant Class Members have executed and delivered a Former Participant Class Member Claim Form, whether or not Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

(b)    Upon the Settlement Effective Date, Defendants, on behalf of themselves and their successors and assigns shall be deemed to fully, finally and forever release, relinquish and forever discharge the Defendants' Released Claims, and forever shall be enjoined from prosecuting any such claims.

(c)    Nothing herein shall preclude any action to enforce the Settlement Agreement.

8.2    Covenant not to sue.  As of the Settlement Effective Date, the Class Members and the Plan (subject to Independent Fiduciary approval as described in Section 2.2 herein) acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to a U.S. Internal Revenue Service determination letter proceeding, a U.S. Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim adverse to the Released Parties on the basis of, in connection with, or arising out of any of Plaintiffs' Released Claims.  Nothing herein shall preclude any action to enforce the Settlement Agreement.

21

8.3     The Named Plaintiffs, Class Counsel, the Plan, or the Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Plaintiffs' Released Claims.  Such facts, if known by them, might have affected the decision to settle with Defendants, the Plan, and the Released Parties, or the decision to release, relinquish, waive, and discharge the Plaintiffs' Released Claims, or the decision of a Class Member not to object to the Settlement.  Notwithstanding the foregoing, each Class Member and the Plan shall expressly, upon the Settlement Effective Date, be deemed to have, and by operation of the Final Approval Order, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Plaintiffs' Released Claims, including Unknown Claims.  The Class Members and the Plan acknowledge and shall be deemed by operation of the Final Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

8.4     Upon the Settlement Effective Date, the Plaintiffs, Class Members, and the Plan shall be conclusively deemed to, and by operation of the Final Approval Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Also, the Named Plaintiffs and Class Members with respect to Plaintiffs' Released Claims shall, upon the Settlement Effective Date, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

## ARTICLE IX

## REPRESENTATIONS AND WARRANTIES

9.1     <u>Parties' representations and warranties.</u>  Defendants' Counsel, on behalf of Defendants, and Class Counsel, on behalf of the Named Plaintiffs and Class Members, represent and warrant as follows, and each acknowledges that each other is relying on these representations and warranties in entering into the Settlement Agreement:

(a)     that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

(b)     that they assume the risk of mistake as to facts or law;

ACTIVE/103921113.4

(c)     that they recognize that additional evidence may come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement Agreement;

(d)     that they have carefully read the contents of the Settlement Agreement, and that the Settlement Agreement is signed freely by each individual executing the Settlement Agreement on behalf of each of the Defendants, Named Plaintiffs, and Class Members; and

(e)     that they have made such investigation of the facts pertaining to the subject matter of the Settlement Agreement as they deem necessary.

9.2     <u>Signatories' representations and warranties.</u>  The persons executing the Settlement Agreement represent that they have been duly authorized to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement in order to effectuate its terms.

## **ARTICLE X**

## **TERMINATION**

10.1     <u>Right to terminate by each Party.</u>  Each Party shall have the right to terminate and abandon the Settlement Agreement by providing written notice of their election to do so to the other Party no later than fourteen (14) calendar days after:

(a)     the Court declines to approve the Settlement Agreement or any material part of it;

(b)     the Court declines to enter the Preliminary Approval Order or materially modifies the contents of the Preliminary Approval Order;

(c)     the Court declines to enter the Final Approval Order or materially modifies the contents of the Final Approval Order; or

(d)     the Final Approval Order is vacated, reversed, or modified in any material respect on any appeal or other review or in a collateral proceeding occurring prior to the Settlement Effective Date.

Notwithstanding anything herein, no order of the Court, or modification or reversal on appeal of any order of the Court, solely concerning Attorneys' Fees and Costs or any Service Awards shall constitute grounds for termination of the Settlement Agreement.

10.2     <u>Right to terminate by Defendants.</u>  Defendants (and only Defendants) shall have the right to terminate and abandon the Settlement Agreement in the event that (1) the Independent Fiduciary does not approve the release or the Settlement Agreement, or disapproves the release or the Settlement Agreement for any reason whatsoever, or the Company reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (2) the Parties do not mutually agree to modify the terms of the

23

Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39;

10.3   <u>Reversion to prior positions.</u>  If the Settlement Agreement is terminated in accordance with this Article, then the Parties and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, any order entered by the Court pursuant to the terms of this Settlement Agreement shall be treated as vacated *nunc pro tunc*.  All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to the Company, its agents, or insurers pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Section 10.4.  The fact of this Settlement Agreement and the terms contained herein shall not be admissible in any proceeding for any purpose, and the Parties expressly and affirmatively reserve all claims, remedies, defenses, arguments, and motions as to all claims and requests for relief that might have been or might be later asserted in the Action.

10.4   In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand and the Company and/or its insurers, on the other hand.

## ARTICLE XI

## <u>NO ADMISSION OF WRONGDOING</u>

11.1   The Settlement Agreement, whether or not consummated, and any proceedings taken pursuant to it, is for settlement purposes only and entered into solely for the purpose of avoiding possible future expenses, burdens, or distractions of litigation, and Defendants, Individual Board Members, Individual Committee Members, and the Released Parties deny any and all wrongdoing.  Defendants, Individual Board Members, Individual Committee Members, and the Released Parties specifically and expressly deny any and all liability in connection with any claims which have been made or could have been made, or which are the subject matter of, arise from, or are connected, directly or indirectly, with or related in any way to the Action, including, but not limited to, any violation of any federal or state law (whether statutory or common law), rule, or regulation, and Defendants, Individual Board Members, Individual Committee Members, and the Released Parties deny that any violation of any such law, rule, or regulation has ever occurred.

11.2   The Settlement Agreement, whether or not consummated, and any negotiations, proceedings, or agreements relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

(a)   shall not be offered or received against Defendants, Individual Board Members, Individual Committee Members, or any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by

Defendants, Individual Board Members, Individual Committee Members, or a Released Party of the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing on the part of Defendants, Individual Board Members, Individual Committee Members, or any of the Released Parties, or the appropriateness of certifying a non-settlement class;

(b)     shall not be offered or received against Defendants, Individual Board Members, Individual Committee Members, or any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants, Individual Board Members, Individual Committee Members, or any of the Released Parties;

(c)     shall not be offered or received against Defendants, Individual Board Members, Individual Committee Members, or any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendants, Individual Board Members, Individual Committee Members,  or any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement is approved by the Court, Defendants, Individual Board Members, Individual Committee Members, or the Released Parties may refer to it to effectuate the liability protection granted them hereunder; and

(d)     shall not be construed against Defendants, Individual Board Members, Individual Committee Members, or any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial of the Action.

## ARTICLE XII

## MISCELLANEOUS

12.1     <u>Exhibits included.</u>  The exhibits to the Settlement Agreement are integral parts of this Settlement Agreement and are incorporated by reference as if set forth herein.

12.2     <u>Cooperation.</u>   Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court entry of the Preliminary Approval Order and Final Approval Order.  The Parties shall not disclose the terms of this Settlement until such time as their mutually agreeable public filing addressed to the Settlement is submitted to the Court.

12.3     <u>Non-disparagement and Confidentiality.</u>  The Named Plaintiffs and their counsel will not publicly disparage Defendants or any Individual Board Members or Individual Committee Members as to the Action, the Plan, or the Settlement, and will not discuss the case, facts or allegations in the case, or terms of the settlement outside of mutually agreeable public filings concerning the settlement or contested court filings.

ACTIVE/103921113.4

12.4    Survival of Confidentiality Order.  Nothing in this Settlement Agreement shall be construed as terminating the Confidentiality Order.  The Parties remain bound by the requirements of the Confidentiality Order, including its provision at Section 15 that requires the parties to the Confidentiality Order to return or destroy all confidential materials produced by the opposing side within sixty days of the Settlement Effective Date.

12.5    Entire agreement.  This Settlement Agreement and all of the exhibits appended hereto constitute the entire agreement of the Parties with respect to their subject matter and supersede any prior agreement, whether written or oral, as to that subject matter.  No representations or inducements have been made by any Party hereto concerning the Settlement Agreement or its exhibits other than those contained and memorialized in such documents.  The provisions of the Settlement Agreement and its exhibits may not be modified or amended, nor may any of their provisions be waived, except by a writing signed by all Parties hereto or their successors-in-interest.

12.6    Waiver.  The waiver by any Party of a breach of the Settlement Agreement by any other Party shall not be deemed a waiver of any other breach of the Settlement Agreement.

12.7    Construction of agreement.  This Settlement Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Settlement Agreement is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to its preparation.

12.8    Headings.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.9    Governing law.  The Settlement Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the Commonwealth of Massachusetts without regard to its conflict of law doctrines, except to the extent that federal law requires that federal law govern, and except that all computations of time with respect to the Settlement Agreement shall be governed by Federal Rule of Civil Procedure 6.

12.10    Disputes Concerning Compliance with Settlement Agreement.  Class Counsel, Defendants' Counsel, and the Parties agree that any and all disputes concerning compliance with the Settlement Agreement shall be exclusively resolved as follows:

(a)    If Class Counsel, Defendants' Counsel, or a Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, the party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other party including in such notice:  (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

ACTIVE/103921113.4

(b)      Within ten (10) business days after receiving the notice described in Section 12.10(a), the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

(c)      For a period of not more than ten (10) business days following mailing of the response described in Section 12.10(b), the Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

(d)      If the dispute is not resolved during the period described in Section 12.10(c), either party may request that the Court resolve the dispute;

(e)      In connection with any disputes concerning compliance with the Settlement Agreement, the Parties agree that each party shall bear its own fees and costs unless the Court orders otherwise.

12.11   Personal Jurisdiction.  The Parties agree that the Court has personal jurisdiction over the Named Plaintiffs, Class Members, and Defendants, and shall retain that jurisdiction for purposes of enforcing the Settlement Agreement and resolving any disputes concerning compliance with the Settlement Agreement.

12.12   Fees and expenses.  Except as otherwise expressly set forth herein, each Party shall pay all fees, costs, and expenses incurred in connection with the Action, including fees, costs, and expenses incident to the negotiation, preparation, or compliance with the Settlement Agreement, and including any fees, expenses, and disbursements of its counsel and other advisors.  Nothing in the Settlement Agreement shall require Defendants or any Released Party to pay any monies other than as expressly provided herein.

12.13   Execution in counterparts.  The Settlement Agreement may be executed in one or more counterparts and may be executed by facsimile signature.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties shall exchange among themselves signed counterparts.

12.14   Notices.  Unless otherwise provided herein, any notice, demand, or other communication under the Settlement Agreement (other than Notices to Class Members or other notices provided at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and delivered by hand, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier as follows:

(a)      if to Plaintiffs:

Kai Richter
Paul Lukas
NICHOLS KASTER, PLLP
4600 IDS Center
80 S 8th Street
Minneapolis, MN 55402

ACTIVE/103921113.4

   (b)   if to Defendants:

       Alison V. Douglass
       John J. Falvey, Jr.
       GOODWIN PROCTER LLP
       100 Northern Avenue
       Boston, Massachusetts 02110

    12.15   Retention of jurisdiction.   The Parties shall request that the Court retain jurisdiction of this matter after the Settlement Effective Date and enter such orders as are necessary or appropriate to effectuate the terms of the Settlement Agreement.

AGREED TO ON BEHALF OF PLAINTIFFS Kevin Moitoso, Tim Lewis, Mary Lee Torline, and Sheryl Arndt, individually and as class representatives, on behalf of the Class Members and on behalf of the Plan

Dated: _July 2, 2020_      By: _____
                         Kai Richter
                         NICHOLS KASTER, PLLP
                         4600 IDS Center
                         80 S 8th Street
                         Minneapolis, MN 55402
                         612-256-3200
                         krichter@nka.com

AGREED TO ON BEHALF OF DEFENDANTS FMR LLC, the FMR LLC Funded Benefits Investment Committee, the FMR LLC Retirement Committee, Fidelity Management & Research Company, FMR Co., Inc., and Fidelity Investments Institutional Operations Company, Inc.

Dated: _July 2, 2020_      By: _____
                         Alison V. Douglass
                         GOODWIN PROCTER LLP
                         100 Northern Avenue
                         Boston, Massachusetts 02110
                         (617) 570-1000
                         adouglass@goodwinlaw.com

ACTIVE/103921113.4

# EXHIBIT 1

<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS</u>

# If you participated in the Fidelity Retirement Savings Plan (the "Plan") at any time from November 17, 2014 to the present after separating from employment with Fidelity, then you may be part of a class action settlement.

PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE SETTLEMENT OF A CLASS ACTION LAWSUIT AND CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS IF YOU ARE A CLASS MEMBER

***A Federal Court authorized this notice. You are not being sued.***
***This is not a solicitation from a lawyer.***

- A Settlement has been reached in a class action lawsuit against FMR LLC, the FMR LLC Funded Benefits Investment Committee ("FBIC"), the FMR LLC Retirement Committee ("Retirement Committee"), Fidelity Management & Research Company ("FMR"), FMR Co., Inc. ("FMRC"), and Fidelity Investments Institutional Operations Company, Inc. ("FIIOC") (collectively, "Defendants" or "Fidelity"). The class action lawsuit involves whether or not Defendants complied with their duties under the Employee Retirement Income Security Act of 1974 ("ERISA") in managing the Plan. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- You are included as a Class Member if you participated in the Plan at any time from November 17, 2014 to the present (the "Class Period") after separating employment with Fidelity or its affiliates, and you did not receive a revenue credit to your Plan account in any Plan year or portion of a Plan year in which you maintained a Plan account balance and were no longer employed by Fidelity.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated July 2, 2020, and are summarized below. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [www.settlementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov.

- Under the Settlement, Fidelity has agreed to cause its insurers to pay $28,500,000.00 into a settlement fund. Class Members are eligible to receive a pro rata share of the amount in the settlement fund remaining after payment of Administrative Expenses, any Attorneys' Fees and Costs that the Court awards to Class Counsel, and any Service Awards to the Named Plaintiffs. Payments to Class Members who had a Plan account with a balance greater than $0.00 as of [date of preliminary approval order] (referred to herein as "Participant Class Members") will be deposited into their respective Plan accounts. Class Members who did not have a Plan account with a balance greater than $0.00 as of [date of preliminary approval order] (referred to herein as "Former Participant Class Members") must timely submit a claim form to be deemed an "Authorized Former Participant Class Member" and receive an allocation, and may receive their allocation in the form of a check or a rollover. Former Participant Class Members who do not timely submit a Former Participant Class Member Claim Form will not be deemed "Authorized Former Participant Class Members" and therefore will not receive monetary

compensation. Participant Class Members who are determined to no longer have a Plan account with a balance greater than $0.00 as of the date of their Settlement payments will be treated as "Authorized Former Participant Class Members" and will receive an allocation by check without the need to submit a Former Participant Class Member Claim Form.

- Please read this notice carefully. Your rights and the choices available to you — and the applicable deadlines to act — are explained in this Notice. Your legal rights are affected whether you act, or don't act. Please note that neither Fidelity nor any Fidelity affiliate nor any employees or representatives of Fidelity or a Fidelity affiliate may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its Final Approval to the Settlement. A Fairness Hearing has been scheduled for [DATE] at [TIME] before the Court in courtroom [ ] of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts. Payments under the Settlement will be made only if the Court finally approves the Settlement and that Final Approval is upheld in the event of any appeal.

| THIS TABLE CONTAINS A SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| DO NOTHING | Our records indicate that you are a Participant Class Member. You do not need to do anything to receive your share of the Net Settlement Amount. You will get a share of the Settlement benefits to which you are entitled and will give up your rights to sue Defendants about the allegations in this case. |
| OBJECT BY [DATE] | If you wish to object to any part of the Settlement, you must write to Class Counsel and Defendants' Counsel (as identified on page [ ]) to explain why you object. |
| ATTEND A HEARING | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. You may attend the hearing and speak at the hearing without filing a notice of your intention to appear, but you will not be permitted to make an objection if you do not comply with the requirements for making objections. |
| SUBMIT A CLAIM FORM IF YOU BELIEVE YOU ARE A FORMER PARTICIPANT CLASS MEMBER | If you believe our records are incorrect, and you are a "Former Participant Class Member" who did not have a Plan account with a balance greater than $0.00 as of [date of preliminary approval order], or are the Beneficiary or Alternate Payee of a Former Participant Class Member, then you must mail a Former Participant Class Member Claim Form postmarked on or before [DATE] to receive a share of the Net Settlement Amount. If you are a Former Participant Class Member, and you do not mail the Former Participant Class Member Claim Form by the above deadline, you will forfeit your share of the Net Settlement Amount. If you believe you are a Former Participant Class Member, a claim form may be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. |

## BASIC INFORMATION

QUESTIONS? CALL 1-800-[xxx-xxx] TOLL FREE, OR VISIT WWW.[WEBSITE].COM

ACTIVE/103941026.3

| **1.  What is this notice and why should I read it?** |
|---|

A court authorized this notice to let you know about a proposed settlement of a class action lawsuit called *Moitoso, et al. v. FMR LLC, et al.*, Civil Action No. 1:18-cv-12122-WGY (the "Action"), brought on behalf of the Class Members and the Plan, and pending in the United States District Court for the District of Massachusetts. You need not live in Massachusetts to get a benefit under the Settlement. This notice describes the Settlement. Please read this notice carefully. Your rights and options—**and the deadlines to exercise them**—are explained in this notice. Please understand that if you are a Class Member, your legal rights are affected regardless of whether you act.

| **2. What is a class action lawsuit?** |
|---|

A class action is a lawsuit in which one or more plaintiffs—in this case, four current or former Plan participants (the "Named Plaintiffs")—sue on behalf of a group of people who allegedly have similar claims. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement. Among other things, this preliminary approval permits Class Members to voice their support of or opposition to the Settlement before the Court makes a final determination as to whether to approve the Settlement. In a class action, the Court resolves the issues for all class members.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| **3. What is this lawsuit about?** |
|---|

The Named Plaintiffs, suing individually and on behalf of the Class and Plan (the "Plaintiffs"), allege that Fidelity breached its fiduciary duties under ERISA by populating the Plan exclusively with Fidelity mutual funds, failing to monitor the fees and performance of those funds, and failing to monitor recordkeeping fees or negotiate revenue sharing rebates for Class Members. A more complete description of what Plaintiffs allege is in the Fourth Amended Complaint, which is available on the Settlement Website at [www.WEBSITE.com]. Plaintiffs' separate claims for prohibited transactions have been dismissed by the Court.

Defendants deny all claims of wrongdoing or liability against them and assert that they have always acted prudently and in the best interests of Plan participants and beneficiaries. Fidelity also believes the Plan provides a very generous benefit. Defendants are settling the Action solely to avoid the expense, inconvenience, and inherent risk and disruption of litigation.

| **4. Why is there a Settlement?** |
|---|

On March 27, 2020, the district court ruled that Defendants breached their duty of prudence under ERISA by failing to monitor certain of the mutual fund investments available to participants in the Plan and by failing to monitor Plan recordkeeping expenses. However, the district court has not decided in favor of either side in the case with respect to the remaining issues of loss and causation, and Defendants had the right to appeal the district court's ruling. Instead, both sides agreed to a Settlement. That way, both sides avoided the cost and risk of additional trial proceedings, and the affected Class Members will get substantial benefits that they would not have received if Plaintiffs had litigated the remaining issues and lost, or had lost on appeal. The Named Plaintiffs and their attorneys believe the Settlement is in the best interests of the Class Members. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever, but has been entered into to avoid the uncertainty, expense, and burden of additional litigation.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits this description is a member of the **Class**:

All participants and beneficiaries of the FMR LLC Profit Sharing Plan or the Fidelity Retirement Savings Plan who, during the Class Period, (1) remained Plan participants or beneficiaries for any length of time, (2) ceased to be employed by a participating employer before or during the period of time that they remained in the Plan, and (3) did not receive any portion of the mandatory revenue credit contributed to the FMR LLC Retirement Savings Plan pursuant to § 5.1(e) of the 2014 Restatement of the Plan (as amended) and §1.12(b)(3) of the 2017 Adoption Agreement for use with the Fidelity Basic Plan Document No. 17 for the Plan (as amended) issued by FMR LLC in any Plan year or portion of a Plan year in which they maintained a Plan account balance and were no longer employed by a participating employer.

The Court has excluded from the Class the members of the FMR LLC Board of Directors and members of the FBIC and Retirement Committee during the Class Period.

If you meet the definition above, you are a member of the Class.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

Fidelity has agreed to cause its insurers to pay $28,500,000 into a Qualified Settlement Fund to resolve the claims of Class Members. The Net Settlement Amount (after deduction of any Court-approved expenses associated with administering the Settlement, Attorneys' Fees and Costs, and Service Awards to Named Plaintiffs) will be allocated to Class Members according to the Plan of Allocation set forth in the Settlement Agreement. Under the Plan of Allocation, monies will be distributed to Participant Class Members and Authorized Former Participant Class Members pro rata based on their account balances for the period of November 17, 2014 to June 30, 2020.

In addition, the Settlement provides that prospectively:  (1) one or more Plan fiduciaries will undertake to monitor Plan recordkeeping fees and (2) one or more Plan fiduciaries will undertake to monitor the Plan's investment options, other than any investments available through the Plan's self-directed brokerage account.

If you are a Participant Class Member or the Beneficiary of a Participant Class Member, your payment will be deposited into your Plan account in accordance with your investment elections for new contributions. If you have not made any such elections, your payment will be invested in the Plan's qualified default investment alternative. If you are an Alternate Payee of a Participant Class Member pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that Order.

If you are a Former Participant Class Member who ***previously*** participated in the Plan but no longer do so (or you are a Beneficiary or an Alternate Payee of a Former Participant Class Member), then you must complete, sign, and mail a valid Former Participant Class Member Claim Form by [RETURN DATE SET FORTH IN PRELIMINARY APPROVAL ORDER] to be deemed an Authorized Former Participant Class Member and receive your share of the Settlement. If you believe you are a Former Participant Class Member, a Former Participant Class Member Claim Form can be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. On the Former Participant Class Member Claim Form, you will be able to choose between receiving

your share of the Settlement in the form of a check or through a rollover to a qualified retirement account. Former Participant Class Members must timely submit a Former Participant Class Member Claim Form to receive monetary compensation.

All Class Members and anyone claiming through them will fully release the Plan as well as Defendants, Individual Committee Members, Individual Board Members, and the Released Parties from Plaintiffs' Released Claims. The Released Parties include, but are not limited to, Defendants' past, present, and future parent corporation(s), and their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, and any individual, partnership, corporation, governmental entity or any other form of entity or organization that controls, is controlled by, or is under common control with any of the foregoing. The Plaintiffs' Released Claims include, but are not limited to, all claims that in any way arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that were asserted in the Action or could have been asserted in the Action. The Plaintiffs' Released Claims also include those that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Fund pursuant to the Plan of Allocation and/or that relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

This is *only* a summary of the Released Parties and Plaintiffs' Released Claims, and is not a binding description of either. The governing releases are found within the Settlement Agreement at [www.settlementwebsite.com]. Generally, the release means that Class Members will not have the right to sue the Plan, Defendants, or related parties for conduct during the Class Period arising out of or relating to the allegations in the lawsuit. The entire Settlement Agreement is available at [www.settlementwebsite.com].

## HOW TO GET BENEFITS

### 7. How do I get benefits?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Participant Class Member" or a "Former Participant Class Member." **According to our records, you are a Participant Class Member. Therefore, you do not need to do anything to receive your share of the Settlement.** The benefits of the Settlement will be distributed automatically to your Plan account once the Court approves the Settlement. If you no longer have a Plan account with a balance greater than $0.00 when the Settlement is distributed to Class Members, the Settlement Administrator will mail you a check for your share of the Net Settlement Amount to your last known address. Please contact the Settlement Administrator at [telephone number] if you wish to update your address information.

If you believe our records are incorrect, and you are a "Former Participant Class Member," or are the Beneficiary or Alternate Payee of a Former Participant Class Member, then you need to submit a Former Participant Class Member Claim Form to receive your share of the Settlement. If you believe you are a Former Participant Class Member, a claim form may be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. The Former Participant Class Member Claim Form will explain the next steps necessary to receive your distribution.

### 8. When will I get my payment?

If you are a Participant Class Member or beneficiary, then you will receive your pro rata share of the settlement fund in the form of a deposit into your Plan account effective no later than twenty-one (21) days after the Settlement has received Final Approval and becomes effective. The hearing to consider

the final fairness of the Settlement is scheduled for [Fairness Hearing, 2020]. Any Alternate Payees of current Plan participants will also receive their payment within 21 days, in accordance with the terms of their Qualified Domestic Relations Order.

If you are a Former Participant Class Member (or a Beneficiary or Alternate Payee of such former participant) who timely submits a Former Participant Class Member Claim Form, the Settlement Administrator will, depending on your election, either (1) effect a rollover of your pro rata share of the settlement fund to your qualified retirement account selected in that Form within 21 days after the Settlement has received Final Approval and becomes effective or (2) issue a check to you within the same 21-day period. If you are a Former Participant Class Member (or a Beneficiary or Alternate Payee of such former participant) and you do not submit a Former Participant Class Member Claim Form by [DATE], you will forfeit your share of the Net Settlement Amount.

All checks will expire and become void 120 days after they are issued, if they have not been cashed. These payments may have certain tax consequences; you should consult your tax advisor.

**There will be no payments under the Settlement if the Settlement Agreement is terminated.**

## THE LAWYERS REPRESENTING YOU

### 9. Who represents the Settlement Class?

For purposes of the Settlement, the Court has appointed lawyers from the law firm of Nichols Kaster, PLLP and Block & Leviton LLP as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. In addition, the Court appointed Named Plaintiffs Kevin Moitoso, Tim Lewis, Mary Lee Torline, and Sheryl Arndt to serve as the Class representatives. They are also Class Members.

Subject to approval by the Court, Class Counsel has proposed that up to $10,000 may be paid to each of the Plaintiffs as the Class representatives in recognition of the time and effort they expended on behalf of the Class. The Court will determine the proper amount of any award to the Named Plaintiffs. The Court may award less than that amount.

### 10. How will the lawyers be paid?

From the beginning of the case, which was filed in October 2018, to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of reasonable attorneys' fees (not to exceed one-third of the settlement fund), plus their costs and expenses. Defendants have agreed not to object to such an application. The Court will determine the proper amount of any Attorneys' Fees and Costs to award Class Counsel.

Any Attorneys' Fees and Costs awarded by the Court will be paid to Class Counsel from the settlement fund. The Class Members will not have to pay anything out-of-pocket toward the fees or costs of Class Counsel.

## YOUR RIGHTS AND OPTIONS

### 11. What is the effect of Final Approval of the Settlement?

If the Court grants Final Approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action. Payments under the Settlement will then be processed and distributed.

The release by Class Members will also take effect. No Class Member will be permitted to continue to assert Plaintiffs' Released Claims in any other litigation against Defendants or the other persons and entities covered by the release, as described in Question No. 6.

If you object to the terms of the Settlement Agreement, you may notify the Court of your objection. (See Table on page 2 of this Notice.) If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. If the Settlement is not approved and the case resumes, there is no guarantee that Class Members will recover more than is provided for under the Settlement, or anything at all.

| **12. What happens if I do nothing at all?** |
| --- |

If you do nothing, and the Settlement is approved, you will release any claims you may have against Defendants, Individual Board Members, Individual Committee Members, or the Released Parties concerning the conduct Plaintiffs allege in their complaint. (See Question No. 6.) You may also receive a payment as described in Question No. 6.

| **13. How do I get out of the Settlement?** |
| --- |

If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself from the Settlement, but you may notify the Court of your objection to the Settlement. (See Question No. 15.) If the Court approves the Settlement, it will do so under Federal Rule of Civil Procedure 23(b)(1), which does not permit Class Members to opt out of the Class.

| **14. Can I sue Fidelity for the same thing later?** |
| --- |

No. If the Court approves the Settlement, you will have given up any right to sue Fidelity or any of the Released Parties for the Plaintiffs' Released Claims.

| **15. How do I object to the Settlement?** |
| --- |

You can object to the Settlement if you don't like any part of it. If you object, you must give the reasons why you think the Court should not approve the Settlement. The Court will consider your views. Your objection to the Settlement must be postmarked no later than [OBJECTION DEADLINE, 2020] and must be sent to the attorneys for the Parties at the addresses below:

| Class Counsel | Defendants' Counsel |
| --- | --- |
| Kai Richter | Alison V. Douglass |
| Paul Lukas | John J. Falvey, Jr. |
| NICHOLS KASTER, PLLP | GOODWIN PROCTER LLP |
| 4600 IDS Center | 100 Northern Avenue |
| 80 S 8th Street | Boston, MA 02210 |
| Minneapolis, MN 55402 | |

The objection must be in writing and should include the case name *Moitoso, et al. v. FMR LLC, et al.*, Civil Action No. 1:18-cv-12122-WGY; as well as include your (a) name; (b) address; (c) a statement that you are a member of the Settlement Class; (d) the specific grounds for the objection (including all arguments, citations, and evidence supporting the objection); (e) all documents or writings that you desire the Court to consider (including all copies of any documents relied upon in the objection); (f) your signature; and (g) a notice of intention to appear at the Fairness Hearing (if applicable). (If you are represented by counsel, you or your counsel must file your objection through the Court's CM/ECF system.) The Court will consider all properly filed comments from Class Members. If you

wish to appear and be heard at the Fairness Hearing in addition to submitting a written objection to the Settlement, you or your attorney should say so in your written objection.

Class Counsel will file with the Court their request for Attorneys' Fees and Costs at least two weeks prior to [OBJECTION DEADLINE, 2020], and post it on the Settlement Website.

## THE COURT'S FAIRNESS HEARING

| **16. When and where will the Court hold a hearing on the fairness of the Settlement?** |
| --- |

A Fairness Hearing has been set for [DATE] at [TIME], before The Honorable William G. Young at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 in [COURTROOM]. At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for Attorneys' Fees and Costs and the Service Awards to the Named Plaintiffs as the Class representatives. You do not need to attend this hearing. You also do not need to attend to have an objection considered by the Court.  (See Question No. 15.)

**Note:**  The date and time of the Fairness Hearing are subject to change by Court Order, but any changes will be posted at [www.[website].com].

| **17. Do I have to come to the Fairness Hearing?** |
| --- |

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as any written objection you choose to make was filed and mailed on time and meets the other criteria described in the Preliminary Approval Order, the Court will consider it. You may also pay another lawyer to attend, but you don't have to.

| **18. May I speak at the hearing?** |
| --- |

You may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement by following the instructions in Question No. 15 above.

## GETTING MORE INFORMATION

| **19. Where can I get additional information?** |
| --- |

This notice provides only a summary of the matters relating to the Settlement.  For more detailed information, you may wish to review the Settlement Agreement.  You can view the Settlement Agreement and get more information at [WWW.WEBSITE.COM]. You can also get more information by writing to the Settlement Administrator at [ ] or calling toll-free [ ].

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR FIDELITY WITH QUESTIONS ABOUT THE SETTLEMENT.**

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

# If you participated in the Fidelity Retirement Savings Plan (the "Plan") at any time from November 17, 2014 to the present after separating from employment with Fidelity, then you may be part of a class action settlement.

PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE SETTLEMENT OF A CLASS ACTION LAWSUIT AND CONTAINS
IMPORTANT INFORMATION ABOUT YOUR RIGHTS IF YOU ARE A CLASS MEMBER

*A Federal Court authorized this notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against FMR LLC, the FMR LLC Funded Benefits Investment Committee ("FBIC"), the FMR LLC Retirement Committee ("Retirement Committee"), Fidelity Management & Research Company ("FMR"), FMR Co., Inc. ("FMRC"), and Fidelity Investments Institutional Operations Company, Inc. ("FIIOC") (collectively, "Defendants" or "Fidelity"). The class action lawsuit involves whether or not Defendants complied with their duties under the Employee Retirement Income Security Act of 1974 ("ERISA") in managing the Plan. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- You are included as a Class Member if you participated in the Plan at any time from November 17, 2014 to the present (the Class Period) after separating employment with Fidelity or its affiliates, and you did not receive a revenue credit to your Plan account in any Plan year or portion of a Plan year in which you maintained a Plan account balance and were no longer employed by Fidelity.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated July 2, 2020, and are summarized below. Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at [www.settlemementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov.

- Under the Settlement, Fidelity has agreed to cause its insurers to pay $28,500,000.00 into a settlement fund. Class Members are eligible to receive a pro rata share of the amount in the settlement fund remaining after payment of Administrative Expenses, any Attorneys' Fees and Costs that the Court awards to Class Counsel, and any Service Award to the Named Plaintiffs. Payments to Class Members who had a Plan account with a balance greater than $0.00 as of [date of preliminary approval order] (referred to herein as "Participant Class Members") will be deposited into their respective Plan accounts. Class Members who did not have a Plan account with a balance greater than $0.00 as of [date of preliminary approval order] (referred to herein as "Former Participant Class Members") must submit a claim form to be deemed an "Authorized Former Participant Class Member" and receive an allocation, and may receive their allocation in the form of a check or a rollover. Former Participant Class Members who do not timely submit a Former Participant Class Member Claim Form will not be deemed "Authorized Former Participant Class Members" and therefore will not receive monetary

ACTIVE/103941067.3

compensation. Participant Class Members who are determined to no longer have a Plan account with a balance greater than $0.00 as of the date of their Settlement payments will be treated as "Authorized Former Participant Class Members" and will receive an allocation by check without the need to submit a Former Participant Class Member Claim Form.

- Please read this notice carefully. Your rights and the choices available to you — and the applicable deadlines to act — are explained in this Notice. Your legal rights are affected whether you act, or don't act. Please note that neither Fidelity nor any Fidelity affiliate nor any employees or representatives of Fidelity or a Fidelity affiliate may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its Final Approval to the Settlement. A Fairness Hearing has been scheduled for [DATE] at [TIME] before the Court in courtroom [ ] of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts. Payments under the Settlement will be made only if the Court finally approves the Settlement and that Final Approval is upheld in the event of any appeal.

| THIS TABLE CONTAINS A SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FOR YOUR SHARE OF THE SETTLEMENT** | Our records indicate that you are a Former Participant Class Member. To receive your share of the Net Settlement Amount, you must mail a Former Participant Class Member Claim Form postmarked on or before [DATE]. The Former Participant Class Member Claim Form is included with this Notice and can also be obtained online at [www.settlementwebsite.com]. If you do not mail the Former Participant Class Member Claim Form by the above deadline, you will forfeit your share of the Net Settlement Amount. Regardless of whether you submit a claim form, you will give up your rights to sue Defendants about the allegations in this case. |
| **OBJECT BY [DATE]** | If you wish to object to any part of the Settlement, you must write to Class Counsel and Defendants' Counsel (as identified on page [__]) to explain why you object. |
| **ATTEND A HEARING** | You may also attend the Fairness Hearing and speak at the Fairness Hearing on [DATE]. You may attend the hearing and speak at the hearing without filing a notice of your intention to appear, but you will not be permitted to make an objection if you do not comply with the requirements for making objections. |
| **DO NOTHING** | According to our records, you are a Former Participant Class Member. Therefore, if you do not submit a valid, timely Former Participant Claim Form, you will not get a share of the Settlement benefits but will still give up your rights to sue Defendants about the allegations in this case. |

## BASIC INFORMATION

### 1. What is this notice and why should I read it?

A court authorized this notice to let you know about a proposed settlement of a class action lawsuit called *Moitoso, et al. v. FMR LLC, et al.*, Civil Action No. 1:18-cv-12122-WGY (the "Action"), brought on behalf of the Class Members and the Plan, and pending in the United States District Court for the District of Massachusetts. You need not live in Massachusetts to get a benefit under the Settlement. This notice describes the Settlement. Please read this notice carefully. Your rights and options— **and the deadlines to exercise them**—are explained in this notice. Please understand that if you are a Class Member, your legal rights are affected regardless of whether you act.

### 2. What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, four current or former Plan participants (the "Named Plaintiffs")—sue on behalf of a group of people who allegedly have similar claims. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement. Among other things, this preliminary approval permits Class Members to voice their support of or opposition to the Settlement before the Court makes a final determination as whether to approve the Settlement. In a class action, the Court resolves the issues for all class members.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

### 3. What is this lawsuit about?

The Named Plaintiffs, suing individually and on behalf of the Class and Plan (the "Plaintiffs"), allege that Fidelity breached its fiduciary duties under ERISA by populating the Plan exclusively with Fidelity mutual funds, failing to monitor the fees and performance of those funds, and failing to monitor recordkeeping fees or negotiate revenue sharing rebates for Class Members. A more complete description of what Plaintiffs allege is in the Fourth Amended Complaint, which is available on the Settlement Website at [www.WEBSITE.com]. Plaintiffs' separate claims for prohibited transactions have been dismissed by the Court.

Defendants deny all claims of wrongdoing or liability against them and assert that they have always acted prudently and in the best interests of Plan participants and beneficiaries. Fidelity also believes the Plan provides a very generous benefit. Defendants are settling the Action solely to avoid the expense, inconvenience, and inherent risk and disruption of litigation.

### 4. Why is there a Settlement?

On March 27, 2020, the district court ruled that Defendants breached their duty of prudence under ERISA by failing to monitor certain of the mutual fund investments available to participants in the Plan and by failing to monitor Plan recordkeeping expenses. However, the district court has not decided in favor of either side in the case with respect to the remaining issues of loss and causation, and Defendants had the right to appeal the district court's ruling. Instead, both sides agreed to a Settlement. That way, both sides avoided the cost and risk of additional trial proceedings, and the affected Class Members will get substantial benefits that they would not have received if Plaintiffs had litigated the remaining issues and lost, or had lost on appeal. The Named Plaintiffs and their attorneys believe the Settlement is in the best interests of the Class Members. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever, but has been entered into to avoid the uncertainty, expense, and burden of additional litigation.

## WHO'S INCLUDED IN THE SETTLEMENT?

| **5. How do I know if I am in the Settlement Class?** |
| --- |

The Court decided that everyone who fits this description is a member of the **Class**:

All participants and beneficiaries of the FMR LLC Profit Sharing Plan or the Fidelity Retirement Savings Plan who, during the Class Period, (1) remained Plan participants or beneficiaries for any length of time, (2) ceased to be employed by a participating employer before or during the period of time that they remained in the Plan, and (3) did not receive any portion of the mandatory revenue credit contributed to the FMR LLC Retirement Savings Plan pursuant to § 5.1(e) of the 2014 Restatement of the Plan (as amended) and §1.12(b)(3) of the 2017 Adoption Agreement for use with the Fidelity Basic Plan Document No. 17 for the Plan (as amended) issued by FMR LLC in any Plan year or portion of a Plan year in which they maintained a Plan account balance and were no longer employed by a participating employer.

The Court has excluded from the Class the members of the FMR LLC Board of Directors and members of the FBIC and Retirement Committee during the Class Period.

If you meet the definition above, you are a member of the Class.

## THE SETTLEMENT BENEFITS

| **6. What does the Settlement provide?** |
| --- |

Fidelity has agreed to cause its insurers to pay $28,500,000 into a Qualified Settlement Fund to resolve the claims of Class Members. The Net Settlement Amount (after deduction of any Court-approved expenses associated with administering the Settlement, Attorneys' Fees and Costs, and Service Awards to Named Plaintiffs) will be allocated to Class Members according to the Plan of Allocation set forth in the Settlement Agreement. Under the Plan of Allocation, monies will be distributed to Participant Class Members and Authorized Former Participant Class Members pro rata based on their account balances for the period of November 17, 2014 to June 30, 2020.

In addition, the Settlement provides that prospectively: (1) one or more Plan fiduciaries will undertake to monitor Plan recordkeeping fees and (2) one or more Plan fiduciaries will undertake to monitor the Plan's investment options, other than any investments available through the Plan's self-directed brokerage account.

Participant Class Members with a balance greater than $0.00 in their Plan account will automatically receive their share of the settlement proceeds through a deposit to their Plan account. However, **because you are a Former Participant Class Member who no longer participates in the Plan (or you are a Beneficiary or an Alternate Payee of such a Former Participant Class Member), you must complete, sign, and mail a valid Former Participant Class Member Claim Form by [RETURN DATE SET FORTH IN PRELIMINARY APPROVAL ORDER]** to be deemed an Authorized Former Participant and receive your share of the Settlement. The Former Participant Class Member Claim Form is included with this Notice. On the Former Participant Class Member Claim Form, you will be able to choose between receiving your share of the Settlement in the form of a check or through a rollover to a qualified retirement account. Former Participant Class Members must timely submit a Former Participant Class Member Claim Form to receive monetary compensation.

All Class Members and anyone claiming through them will fully release the Plan as well as Defendants, Individual Committee Members, Individual Board Members, and the Released Parties from Plaintiffs' Released Claims. The Released Parties include, but are not limited to, Defendants'

past, present, and future parent corporation(s), and their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, and any individual, partnership, corporation, governmental entity or any other form of entity or organization that controls, is controlled by, or is under common control with any of the foregoing. The Plaintiffs' Released Claims include, but are not limited to, all claims that in any way arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that were asserted in the Action or could have been asserted in the Action. The Plaintiffs' Released Claims also include those that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Fund pursuant to the Plan of Allocation and/or that relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

This is *only* a summary of the Released Parties and Plaintiffs' Released Claims, and is not a binding description of either. The governing releases are found within the Settlement Agreement at [www.settlementwebsite.com]. Generally, the release means that Class Members will not have the right to sue the Plan, Defendants, or related parties for conduct during the Class Period arising out of or relating to the allegations in the lawsuit. The entire Settlement Agreement is available at [www.settlementwebsite.com].

## How to Get Benefits

| **7. How do I get benefits?** |
| --- |

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Participant Class Member" or a "Former Participant Class Member." **According to our records, you are a Former Participant Class Member. Therefore, you must return a valid, timely Former Participant Class Member Claim Form by [RETURN DATE SET FORTH IN PRELIMINARY APPROVAL ORDER] to receive your share of the Settlement. The Former Participant Class Member Claim Form is included with this Notice.** On the Former Participant Class Member Claim Form, you will be able to choose between recieving your benefit in the form of a check or as a rollover. If you fill out a valid, timely Former Participant Class Member Claim Form, the benefits of the Settlement will be distributed as elected on your claim form once the Court approves the Settlement and the Settlement becomes effective.

| **8. When will I get my payment?** |
| --- |

If you are a Former Participant Class Member (or a Beneficiary or Alternate Payee of such former participant) who timely submits a Former Participant Class Member Claim Form, the Settlement Administrator will, depending on your election, either (1) effect a rollover of your pro rata share of the settlement fund to your qualified retirement account selected in that Form within 21 days after the Settlement has received Final Approval and becomes effective or (2) issue a check to you within the same 21-day period. If you are a Former Participant Class Member (or a Beneficiary or Alternate Payee of such former participant) and you do not submit a Former Participant Class Member Claim Form by [DATE], you will forfeit your share of the Net Settlement Amount.

All checks will expire and become void 120 days after they are issued, if they have not been cashed. These payments may have certain tax consequences; you should consult your tax advisor.

**There will be no payments under the Settlement if the Settlement Agreement is terminated.**

## THE LAWYERS REPRESENTING YOU

| **9. Who represents the Settlement Class?** |
| --- |

For purposes of the Settlement, the Court has appointed lawyers from the law firm of Nichols Kaster, PLLP and Block & Leviton LLP as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. In addition, the Court appointed Named Plaintiffs Kevin Moitoso, Tim Lewis, Mary Lee Torline, and Sheryl Arndt to serve as the Class representatives. They are also Class Members.

Subject to approval by the Court, Class Counsel has proposed that up to $10,000 may be paid to each of the Named Plaintiffs as the Class representatives in recognition of the time and effort they expended on behalf of the Class. The Court will determine the proper amount of any award to the Named Plaintiffs. The Court may award less than that amount.

| **10. How will the lawyers be paid?** |
| --- |

From the beginning of the case, which was filed in October 2018, to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. Class Counsel will apply to the Court for an award of reasonable attorneys' fees (not to exceed one-third of the settlement fund), plus their costs and expenses. Defendants have agreed not to object to such an application. The Court will determine the proper amount of any Attorneys' Fees and Costs to award Class Counsel.

Any Attorneys' Fees and Costs awarded by the Court will be paid to Class Counsel from the settlement fund. The Class Members will not have to pay anything out-of-pocket toward the fees or costs of Class Counsel.

## YOUR RIGHTS AND OPTIONS

| **11. What is the effect of Final Approval of the Settlement?** |
| --- |

If the Court grants Final Approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action. Payments under the Settlement will then be processed and distributed. The release by Class Members will also take effect. No Class Member will be permitted to continue to assert Plaintiffs' Released Claims in any other litigation against Defendants or the other persons and entities covered by the release, as described in Question No. 6.

If you object to the terms of the Settlement Agreement, you may notify the Court of your objection. (See Table on page 2 of this Notice.) If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached. If the Settlement is not approved and the case resumes, there is no guarantee that Class Members will recover more than is provided for under the Settlement, or anything at all.

| **12. What happens if I do nothing at all?** |
| --- |

If you do nothing, and the Settlement is approved, you will release any claims you may have against Defendants, Individual Board Members, Individual Committee Members, or the Released Parties concerning the conduct Plaintiffs allege in their complaint. (See Question No. 6.) You may also receive a payment as described in Question No. 6.

| **13. How do I get out of the Settlement?** |
| --- |

ACTIVE/103941067.3

If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself from the Settlement, but you may notify the Court of your objection to the Settlement. (See Question No. 15.) If the Court approves the Settlement, it will do so under Federal Rule of Civil Procedure 23(b)(1), which does not permit Class Members to opt out of the Class.

### 14. Can I sue Fidelity for the same thing later?

No. If the Court approves the Settlement, you will have given up any right to sue Fidelity or any of the Released Parties for the Plaintiffs' Released Claims.

### 15. How do I object to the Settlement?

You can object to the Settlement if you don't like any part of it. If you object, you must give the reasons why you think the Court should not approve the Settlement. The Court will consider your views. Your objection to the Settlement must be postmarked no later than [OBJECTION DEADLINE, 2020] and must be sent to the attorneys for the Parties at the addresses below:

| Class Counsel | Defendants' Counsel |
|---|---|
| Kai Richter<br>Paul Lukas<br>NICHOLS KASTER, PLLP<br>4600 IDS Center<br>80 S 8th Street<br>Minneapolis, MN 55402 | Alison V. Douglass<br>John J. Falvey, Jr.<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210 |

The objection must be in writing and should include the case name *Moitoso, et al. v. FMR LLC, et al.*, Civil Action No. 1:18-cv-12122-WGY; as well as include your (a) name; (b) address; (c) a statement that you are a member of the Settlement Class; (d) the specific grounds for the objection (including all arguments, citations, and evidence supporting the objection); (e) all documents or writings that you desire the Court to consider (including all copies of any documents relied upon in the objection); (f) your signature; and (g) a notice of intention to appear at the Fairness Hearing (if applicable). (If you are represented by counsel, you or your counsel must file your objection through the Court's CM/ECF system.) The Court will consider all properly filed comments from Class Members. If you wish to appear and be heard at the Fairness Hearing in addition to submitting a written objection to the Settlement, you or your attorney should say so in your written objection.

Class Counsel will file with the Court their request for Attorneys' Fees and Costs at least two weeks prior to [OBJECTION DEADLINE, 2020], and post it on the Settlement Website.

## THE COURT'S FAIRNESS HEARING

### 16. When and where will the Court hold a hearing on the fairness of the Settlement?

A Fairness Hearing has been set for [DATE] at [TIME], before The Honorable William G. Young at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 in [COURTROOM]. At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for Attorneys' Fees and Costs and the Service Awards to the Named Plaintiffs as the Class representatives. You do not need to attend this hearing. You also do not need to attend to have an objection considered by the Court.  (See Question No. 15.)

**Note:**  The date and time of the Fairness Hearing are subject to change by Court Order, but any changes will be posted at [www.[website].com].

| 17. Do I have to come to the Fairness Hearing? |
|---|

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as any written objection you choose to make was filed and mailed on time and meets the other criteria described in the Preliminary Approval Order, the Court will consider it. You may also pay another lawyer to attend, but you don't have to.

| 18. May I speak at the hearing? |
|---|

You may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement by following the instructions in Question No. 15 above.

## GETTING MORE INFORMATION

| 19. Where can I get additional information? |
|---|

This notice provides only a summary of the matters relating to the Settlement.  For more detailed information, you may wish to review the Settlement Agreement.   You can view the Settlement Agreement and get more information at [WWW.WEBSITE.COM]. You can also get more information by writing to the Settlement Administrator at [ ] or calling toll-free [ ].

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR FIDELITY WITH QUESTIONS ABOUT THE SETTLEMENT.**

ACTIVE/103941067.3

# EXHIBIT 3

**Fidelity Retirement Savings Plan Settlement Administrator**
**P.O. Box [number]**
**[City, State, ZIP]**
**[www.settlementwebsite.com]**

## FORMER PARTICIPANT CLASS MEMBER CLAIM FORM

JOHN Q CLASSMEMBER                          Claim Number: 1111111
123 MAIN ST APT 1
ANYTOWN, ST 12345

The Court has preliminarily approved the class settlement in *Moitoso, et al. v. FMR LLC, et al.*, Civil Action No. 1:18-cv-12122-WGY (D. Mass.). That Settlement provides allocation of monies to certain Class Members who participated in the Fidelity Retirement Savings Plan ("Plan") at any time between November 17, 2014 and the date of the final approval of the class settlement by the court. **As a Former Participant Class Member, you must timely complete and return this form to the Settlement Administrator to receive your share of the settlement proceeds.** For more information about the Settlement, please see the Notice Of Class Action Settlement And Fairness Hearing, visit [www.settlementwebsite.com], or call [phone number].

This Former Participant Class Member Claim Form is ONLY for Class Members who are Former Participant Class Members, or the Beneficiaries or Alternate Payees of Former Participant Class Members (all of whom will be treated as Former Participant Class Members). A Former Participant Class Member is a Class Member who had a Plan account with a balance greater than $0.00 at any point during the Class Period but did NOT have a Plan account with a balance greater than $0.00 as of the date of [the Preliminary Approval Order].

**This claim form must be completed, signed and mailed with a postmark on or before [RETURN DATE SET FORTH IN PRELIMINARY APPROVAL ORDER] in order for you receive your share of the Settlement proceeds. Former Participant Class Members who do not complete and timely return this form will not receive any Settlement payment, but will have released Plaintiffs' Released Claims.** Your completed claim form should be sent to the Settlement Administrator at the following address:

**Fidelity Retirement Savings Plan Settlement Administrator**
**P.O. Box [number] [City, State, ZIP]**

Because you are a former participant in the Plan, you must decide whether you want your payment (1) sent payable to you directly by check or (2) to be rolled over into another eligible employer plan or into an individual retirement account ("IRA"). To make your election, please follow the instructions below. If you timely complete and submit this Former Participant Class Member Claim Form but do not indicate a payment election, your payment will be sent to you directly by check.

Please review the instructions below carefully. If you have questions regarding this Former Participant Class Member Claim Form, you may contact the Settlement Administrator as indicated below.

**WWW.SETTLEMENTWEBSITE.COM OR CALL [PHONE NUMBER]**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLASS MEMBER CLAIM FORM

1. Complete this claim form and keep a copy of all pages of your Former Participant Class Member Claim Form, including the first page with the address label, for your records.

2. **Mail your completed Former Participant Class Member Claim Form postmarked on or before** [RETURN DATE SET FORTH IN PRELIMINARY APPROVAL ORDER] **to the Settlement Administrator at the following address:**

**Fidelity Retirement Savings Plan Settlement Administrator**
**P.O. Box [number] [City, State, ZIP]**

   It is your responsibility to ensure the Settlement Administrator has timely received your Former Participant Class Member Claim Form.

3. Other Instructions:

   • You must provide date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as part 5 to this form.

   • If you timely complete and return this form but fail to make a payment election in Part 4, below, payment will be made to you by check.

   • If you change your address after sending in your Former Participant Class Member Claim Form, please provide your new address to the Settlement Administrator.

   • **Timing of Payments to Eligible Class Members.** The timing of the distribution of the Settlement payments are conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within three months of the Court's Final Approval Order.

4. **Questions?** If you have any questions about this Former Participant Class Member Claim Form, please call the Settlement Administrator at [phone number]. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the settlement website, [www.settlementwebsite.com].

ACTIVE/103947452.3

## PART 2: PARTICIPANT INFORMATION

First Name

Middle   Last Name

Mailing Address

City                                                                                   State   Zip Code

Home Phone                          Work Phone or Cell Phone

Participant's Social Security Number         Participant's Date of Birth

M  M          D  D          Y  Y  Y  Y

Email Address

**[FORMER PARTICIPANT CLASS MEMBER CLAIM FORM CONTINUES ON THE NEXT PAGE]**

ACTIVE/103947452.3

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant Class Member and the Former Participant Class Member is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

First Name                                                 Middle   Last Name

Mailing Address

City                                                                          State   Zip Code

Home Phone                                  Work Phone or Cell Phone

Participant's Social Security Number        Participant's Date of Birth

Email Address                              M M      D D     Y Y Y Y

**[FORMER PARTICIPANT CLASS MEMBER CLAIM FORM CONTINUES ON THE NEXT PAGE]**

4

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check subject to mandatory federal and applicable state withholding tax will be mailed to your address on the previous page.

☐ **Direct Rollover to an Eligible Plan** – Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b)    ☐ 401(a)/401(k)    ☐ 403(b)

☐ Direct Rollover to a Traditional IRA    ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                             State   Zip Code

Your Account Number                          Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLASS MEMBER CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLASS MEMBER CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. person (including a U.S. resident alien).

M M   D D   Y Y Y Y

_____

**Participant Signature**                    **Date Signed** *(Required)*

Note: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

5

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Kevin Moitoso, Tim Lewis, Mary Lee Torline, and Sheryl Arndt, individually and as representatives of a class of similarly situated persons, and on behalf of the Fidelity Retirement Savings Plan, <br><br> Plaintiffs, <br><br> v. <br><br> FMR LLC, the FMR LLC Funded Benefits Investment Committee, the FMR LLC Retirement Committee, Fidelity Management & Research Company, FMR Co., Inc., and Fidelity Investments Institutional Operations Company, Inc., <br><br> Defendants. | Case No. 1:18-cv-12122-WGY <br><br><br> **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING** |

This matter having come before the Court on Plaintiffs' Motion for preliminary approval (the "Motion For Preliminary Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiffs Kevin Moitoso, Tim Lewis, Mary Lee Torline, and Sheryl Arndt, individually and on behalf of Class, the Class Members, and the Fidelity Retirement Savings Plan (the "Plan") (the "Plaintiffs"), and Defendants FMR LLC, the FMR LLC Funded Benefits Investment Committee, the FMR LLC Retirement Committee, Fidelity Management & Research Company, FMR Co., Inc., and Fidelity Investments Institutional Operations Company, Inc., (collectively, "Defendants"), as set forth in the Parties' Class Action Settlement Agreement (the "Settlement Agreement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

       1.     The Court has read and considered the Settlement Agreement, including its Exhibits, and having heard from the Parties hereby preliminarily approves the Settlement

1

Agreement in its entirety.  Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2.     The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement for fairness, adequacy, and reasonableness.  Based on this preliminary evaluation, the Court finds that there is cause to believe that (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, (iii) the form of notice of the Settlement and of the Fairness Hearing is appropriate and warranted; and (iv) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and is not a coupon settlement for purposes of 28 U.S.C. § 1712.  The Settlement Agreement and this Order, collectively or individually, are not a finding or admission of liability by Defendants or any other party.

3.     The Class has been previously certified (ECF No. 83) and consists of:

> All participants and beneficiaries of the FMR LLC Profit Sharing Plan or the Fidelity Retirement Savings Plan who, during the Class Period, (1) remained Plan participants or beneficiaries for any length of time, (2) ceased to be employed by a participating employer before or during the period of time that they remained in the Plan, and (3) did not receive any portion of the mandatory revenue credit contributed to the FMR LLC Retirement Savings Plan pursuant to § 5.1(e) of the 2014 Restatement of the Plan (as amended) and §1.12(b)(3) of the 2017 Adoption Agreement for use with the Fidelity Basic Plan Document No. 17 for the Plan (as amended) issued by FMR LLC in any Plan year or portion of a Plan year in which they maintained a Plan account balance and were no longer employed by a participating employer.

Excluded from the Class are Individual Board Members and Individual Committee Members.

4.     Named Plaintiffs Kevin Moitoso, Tim Lewis, Mary Lee Torline, and Sheryl Arndt have been previously appointed as Class Representatives.  ECF No. 83.

ACTIVE/103926836.2

5.      Nichols Kaster, PLLP, and Block & Leviton LLP have been previously appointed as Class Counsel.  ECF No. 83.

6.      On [date at least 160 days from the date of preliminary approval] at [time], in courtroom [ ] of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, this Court will hold a hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether (i) final approval of the Settlement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and service awards to Plaintiffs, should be granted, and in what amount.[1]  No later than fourteen (14) days prior to the deadline for Class Members to object to the Settlement Agreement, Class Counsel shall file an application for attorneys' fees and expenses, and for Service Awards to the Named Plaintiffs.  No later than [date 14 days prior to Fairness Hearing], Plaintiffs shall file papers in support of Final Approval of the Settlement Agreement and in response to any written objections. Defendants may (but are not required to) also file papers in support of Final Approval of the Settlement Agreement, so long as they do so no later than [date 7 days prior to the Fairness Hearing].

7.      Pursuant to the Settlement Agreement, Analytics Consulting LLC is hereby appointed the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.  Analytics Consulting LLC, or its designee, is additionally appointed the Escrow Agent and shall be required to perform all the duties of the Escrow Agent as set forth in the Settlement Agreement and this Order.

---

[1] Any change in the date, time, location, or format of the hearing shall be posted on the Settlement Website.

8.      The Court approves the proposed Notices as a means of giving direct notice to Class Members by mail and also by establishing a Settlement Website, as more fully described in the Settlement Agreement.  Former Participant Class Members will additionally receive the Former Participant Class Member Claim Form.  The Court finds that the proposed Notices and content therein fairly and adequately:

a.      Summarize the claims asserted;

b.      Describe the terms and effect of the Settlement

c.      Notify the Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees, Costs, Administrative Expenses, and Service Awards;

d.      Give notice to the Class of the time and place of the Fairness Hearing, and of Class Members' right to appear; and

e.      Describe how the recipients of the Notices may object to the Settlement, or any requested Attorneys' Fees, Costs, Administrative Expenses, or Service Awards.

9.      No later than thirty-five (35) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Settlement Website to be published on the Internet.  No later than thirty-five (35) calendar days following the entry of this Preliminary Approval Order and in accordance with the terms of the Settlement Agreement, the Settlement Administrator also shall disseminate the Notice that is Exhibit 1 to the Settlement Agreement via first class mail to the Participant Class Members and the Notice and Former Participant Class Member Claim Form that are Exhibits 2 and 3 to the Settlement Agreement via first class mail to the Former Participant Class Members.  Former Participant Class Members must

4

file a Former Participant Class Member Claim Form with the Settlement Administrator by a date no later than ten (10) calendar days before the Fairness Hearing in order to be considered for a distribution pursuant to the Plan of Allocation.

10.     Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Notices and mailing the Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23 and due process.

11.     Any Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections shall only be considered by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel.  To be timely, the comment and/or objection and any supporting documents must be mailed or otherwise delivered to Class Counsel and Defendant's Counsel by twenty-one (21) days prior to the date of the Fairness Hearing. A Class Member who objects to the Settlement need not appear at the Fairness Hearing for the Class Member's comment to be considered by the Court.  All objections from Class Members must include in the written objection the Class Member's name and address; state that the person submitting the objection is a Class Member; state the specific grounds for the objection; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); provide a physical signature for the objecting Class Member; and provide a statement indicating whether the objector intends to appear at the Fairness Hearing.

12.     Class Counsel shall file any objections to any aspect of the Settlement with the Court as part of their motion for Final Approval of the Settlement.

13.     Any party may file a response to an objection by a Class Member at least seven  (7) calendar days before the Fairness Hearing.

14.     Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Class Member's objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

15.     Each Class Member and such Class Member's respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, is preliminarily enjoined from suing Defendants, Individual Board Members, Individual Committee Members, the Plan, or the Released Parties in any action or proceeding alleging any of the Plaintiffs' Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Plaintiffs' Released Claims.   Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Plaintiffs' Released Claims against the Defendants, Individual Board Members, Individual Committee Members, the Plan, or Released Parties.

16.     The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action,

6

any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties or a Released Party.  Defendants have denied and continue to deny the claims asserted by Plaintiffs.  Nothing contained herein shall be construed to prevent the Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

17.     In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, then the Parties and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc,* and no reference to the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED** this ____day of _____, 2020.


_____
William G. Young
United States District Judge

ACTIVE/103926836.2