UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Kevin Moitoso, Tim Lewis, Mary Lee Torline, and Sheryl Arndt, individually and as representatives of a class of similarly situated persons, and on behalf of the Fidelity Retirement Savings Plan,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>FMR LLC, the FMR LLC Funded Benefits Investment Committee, the FMR LLC Retirement Committee, Fidelity Management & Research Company, FMR Co., Inc., and Fidelity Investments Institutional Operations Company, Inc.,<br><br>　　　　　　　　　　Defendants. | Case No. 1:18-cv-12122-WGY<br><br><br>**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement, and finding good cause for the motion, the Court hereby approves the Parties' Settlement Agreement (ECF No. 243-01), and orders and adjudges as follows:

1. For purposes of this Final Approval Order, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. The following Class is hereby finally certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure:

> All participants and beneficiaries of the FMR LLC Profit Sharing Plan or the Fidelity Retirement Savings Plan who, during the Class Period, (1) remained Plan participants or beneficiaries for any length of time, (2) ceased to be employed by a participating employer before or during the period of time that they remained in the Plan, and (3) did not receive any portion of the mandatory revenue credit contributed to the FMR LLC Retirement Savings Plan pursuant to § 5.1(e) of the 2014 Restatement of the Plan (as amended) and §1.12(b)(3) of the 2017 Adoption Agreement for use with the Fidelity Basic Plan Document No. 17 for the Plan (as amended) issued by FMR LLC in any Plan year or portion of a Plan year in which they maintained a Plan account balance and were no longer employed by a participating employer. Excluded from the class are Individual Board Members and Individual Committee Members.

This Class is consistent with the class initially certified by the Court for purposes of the litigation, and meets all of the requirements of Rule 23 and due process for the reasons specified in this Court's prior Order Regarding Class Certification. *See ECF No. 83.*

3. The form and method of notifying the Class Members of the terms and conditions of the Settlement Agreement met the requirements of Rules 23 and due process, and constituted the best notice practicable under the circumstances. In accordance with the Court's Preliminary Approval Order, and as reflected in the information provided by the Settlement Administrator (Analytics Consulting LLC), Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort, and provided Class Members with all necessary information regarding the Settlement and their rights under the Settlement (including their right to object and appear at the Fairness Hearing).

4. The terms of the Settlement are fair, reasonable, and adequate, and satisfy the conditions for approval under Rule 23(e)(2). Among other things, the Court finds that:

    A. The Class was adequately represented by the Class Representatives and Class Counsel;

    B. The Settlement resulted from arm's-length negotiations conducted in good faith after extensive litigation;

    C. The monetary relief provided by the Settlement ($28,500,000) is fair, reasonable, and adequate in light of the claims asserted, and will be effectively distributed pursuant to a common formula that treats all class members equitably;

    D. The prospective relief provided by the Settlement will further benefit the Class;

    E.  The Settlement avoids significant costs, risks, and delays in connection with continued litigation;

    F.  The Class Representatives and Class Counsel support the Settlement;

    G.  Class Members had the opportunity to be heard on all issues regarding the Settlement Agreement, and there was only one objection to the Settlement that did not relate to the merits of the Settlement;[1]

    H.  The Settlement was reviewed by an Independent Fiduciary, Fiduciary Counselors Inc., which has approved the Settlement and approved the release of claims therein; and

    I.  The Settlement Agreement meets all other necessary criteria for approval and is in the best interest of the Class.

Accordingly, the Motion for Final Approval of the Settlement Agreement is **GRANTED**, the Settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate to the Plan and the Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

---

[1] The objection was based solely on the fact that "there is no opt-out option" under the Settlement. That objection is overruled. The class in this case was certified under Rule 23(b)(1), consistent with numerous other ERISA cases that have been certified as (b)(1) classes. *See ECF No. 83 at ¶¶ 8-9 & n.1* (order granting class certification); *ECF No. 250 at ¶ 3* (preliminary approval order affirming certification for settlement purposes). There is no right to opt-out of a (b)(1) class. *See* Fed. R. Civ. P. 23(c)(2), (c)(3) (providing right of exclusion for (b)(3) class but not (b)(1) or (b)(2) classes); *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 59 n.6 (D. Mass. 2018) ("To be more precise, under Fed. R. Civ. P. 23(b)(1) … membership in the class is 'mandatory' and 'the Rule provides no opportunity for (b)(1) … members to opt out ....'") (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011)); *Hochstadt v. Bos. Sci. Corp.*, 708 F. Supp. 2d 95, 104-05 (D. Mass. 2010) ("Because Rule 23(b)(1) does not provide opt-out protections, class actions brought under this rule 'are often referred to as "mandatory" class actions.'") (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833 n.13 (1999)).

5. The Action and all Plaintiffs' Released Claims, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Parties other than as provided for in the Settlement Agreement.

6. Neither this Final Approval Order nor the Settlement Agreement constitutes an admission by any Defendant or Released Party of any liability or wrongdoing whatsoever.

7. The Class Representatives and each Class Member, and their respective heirs, beneficiaries, executors, administrators, successors, and assigns, and the Plan shall be (i) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, and discharged Defendants and the Released Parties from all Plaintiffs' Released Claims, and (ii) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of Plaintiffs' Released Claims, either individually or derivatively on behalf of the Plan, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Plaintiffs' Released Claims, whether or not Class Members received the Notice, whether or not the Class Members received a payment in connection with this Settlement Agreement, whether or not Former Participant Class Members received the Former Participant Class Member Claim Form, whether or not Former Participant Class Members have executed and delivered a Former Participant Class Member Claim Form, whether or not Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

10. The Court has subject matter jurisdiction over this Action and personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and the Settlement Agreement.

11. The Court finds that all applicable CAFA requirements have been satisfied.

12. Upon the Effective Date of this Order under the Settlement Agreement, the Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**

Dated:  January 22, 2021                   /s/ William G. Young
                                           Hon. William G. Young
                                           United States District Judge